## MINTER, Ex. *v.* HITE *et ux.*

It is not a sufficient reason for setting aside the verdict of a jury, and ordering a new trial, that a portion or all of the jurors, supposed that their verdict, if for the defendant, would not be a bar to a subsequent suit by the plaintiff, for the same cause of action.

Where, in an action against husband and wife, on a promissory note, made by the wife as executrix, the execution of which note was denied under oath, the jury returned a verdict for the defendants; and where the plaintiff moved the court for a new trial, on the ground of a mistake of the jury as to the law and facts of the case, and a wrong impression as to the rights of the parties, which motion was accompanied by the affidavits of two of the jurors—one of whom states, that in making up the verdict, he was under the impression, that if the jury found for the defendants, it would not prevent the plaintiff from bringing another suit, and recovering of the defendants; that he was satisfied that defendants owed plaintiff the money; and that, except under the impression stated, he would not have consented to a verdict against the plaintiff; and the other states, that he was satisfied that the wife had borrowed the money claimed by plaintiff, and had directed the note sued on, to be signed and executed for her; that in agreeing to a verdict for defendants, he supposed that such verdict would not be a bar to a future suit and recovery by the plaintiff against defendants; that the greater part of the jury were of opinion, that the verdict for defendants would be no bar; and that he is not now satisfied with the verdict, and would not again consent to a verdict for defendants; and where the plaintiff also moved the court to allow him time to procure the affidavits of the jurors who tried the cause, in order to show that the jury was mistaken in the law, as to the conclusiveness of their verdict, in case they found for defendant, which motion was supported by the affidavit of the plaintiff's attorney, in which he states that he had conversed with two of the jurors, since the rendition of the verdict, and whose affidavits had been procured and filed; that he believed there was sufficient ground to authorize the granting of a new trial, if time was allowed to procure the affidavits of the remaining jurors; and that the plaintiff would be able to show that the jury were mistaken in the law applicable to the case, both of which motions were overruled by the court; *Held,* That the motions were properly overruled.

*Appeal from the Jefferson District Court.*

SUIT on promissory note, purporting to have been made by defendant Rossana, as executrix òf Hugh Defrance, deceased. The defendants by their answer, under oath, denied the execution of the note, and denied any indebtedness to plaintiff. A trial being had on this issue, the jury returned a verdict for the defendants. The plaintiff moved the court · for a new trial, the grounds for which were an alleged mistake of the` jury, as to the law and facts of the case, and a wrong impression as to the rights of the parties. Accompanying the.motion, plaintiff filed the affidavits of two of the jurors who tried the cause. One of them states that in making up their verdict, he was under the impression, that " if the jury found for the defendant, it would not prevent the plaintiff from bringing another suit, and recovering of the defendants;" that he was satisfied that defendant owed plaintiff the money; and that except under the impression stated above, he would not have consented to a verdict against the plaintiff. Another juror states, that hé was satisfied that the defendant Rossana had borrowed the money claimed by plaintiff, and had directed the note sued on to be signed and executed for her; that in agreeing to a verdict for defendants, he supposed that such verdict would be no bar to a future suit and recovery by plaintiff against defendants; that the greater part of the jury were of opinion, that the verdict for defendant would be no bar; and that he is not now satisfied with the verdict, and would not again consent to a verdict for defendant. The plaintiff also moved the court to allow him time to procure the affidavits of the jurors who tried the cause, in order to show that the jury were mistaken in the law, as to the conclusiveness of their verdict, in case they found for defendant. The affidavit of the plaintiff's attorney was filed, which went to show that he had conversed with two of the jury, since the rendition of the verdict, and whose affidavits had been procured and filed, and that he believed that there was sufficient ground to autho-

rize the granting of a new trial, if time was allowed by the court, to procure the affidavits of the remaining jurors, and that plaintiff would be able to show that the jury were mistaken in the law applicable to the case; and that since the trial of the cause, and up to the time of the adjournment of the court, about to take place, there had been no opportunity to converse with the remaining jurors, because they had immediately been called into the jury box to try another cause. The court overruled the motion of the plaintiff, for time to be allowed him to procure the affidavits of the remaining jurors, and overruled the motion for a new trial. Plaintiff files a bill of exception and appeals.

*C. Negus*, for the appellant.

*Slagle & Acheson*, for the appellees.

STOCKTON, J.—The appellant insists that the District Court erred in overruling the motion for a new trial. It is not claimed that the verdict of the jury asked to be set aside, was contrary to the evidence or to the instruction of the court. No exception was taken to the ruling of the court. And the evidence on which the verdict was founded, has not been embodied in the record. We are, therefore, unable to say that it was other than such as the charge of the court, and the testimony in the cause, required the jury to render. It is not a sufficient reason for setting aside the verdict of a jury, and ordering a new trial, that a portion or all of the jury supposed that their verdict, (if as in this case for the defendant), would not be a bar to a subsequent suit by the plaintiff, for the same cause of action. If the jury have responded correctly to the issues they were sworn to try, according to the charge of the court, and the verdict conforms to law, and the testimony in the cause, their verdict should not be set aside for the reason urged by plaintiff. It is not sufficient that one, or all of the jury should have been of opinion that the defendants owed the plaintiff the one hundred dollars sued for, and that they agreed to their verdict on the supposition and belief, that the plaintiff

might recover in another action. In order to be available as a sufficient reason for setting aside the verdict, it must appear to this court that the verdict actually rendered was against the evidence, and this must be shown affirmatively by embodying all the evidence in the record. The fact that the jury, or a portion of them, thought that defendants owed the plaintiff the one hundred dollars sued for, is not conclusive of the fact that they thought he was entitled to recover in the action. And even the fact that they found a verdict against their own conviction, must derive all its weight from the determination of the question, whether the verdict was contrary to the law and the evidence. That it was contrary to the instructions of the court, is not claimed. A verdict may be against strict law, and against the weight of evidence, and still be in accordance with substantial justice. As we are not enabled to say that the verdict was against the weight of evidence, or subversive of substantial justice, we must take it for granted that the District Court, correctly overruled the motion for a new trial.

It is further assigned for error by plaintiff, that the District Court refused to give him time to procure the affidavits of the remaining ten jurors, in order to show to the court, that the verdict was rendered by them under a mistaken apprehension, that their verdict for the defendant would not bar the plaintiff from recovering the amount of money claimed of defendants in another suit. It is not our purpose to inquire whether the apprehension of the jurors was a mistaken one or not. That is not a question for us now to decide. Nor do we see that the case would, in any respect, have been altered or made stronger for the plaintiffs, if all the jury had made oath to facts of the same tenor and effect as those stated in the affidavits of the two jurors produced and filed. The question to be determined was, whether the verdict was according to the law and evidence, and whether it rendered substantial justice to the parties. The District Court on these questions saw fit to decide in favor of the defendant, and to overrule the motion of plaintiff. As

we are not in possession of the facts proved, we have no means of reversing the discretion exercised by the District Court. The judgment will, therefore, be affirmed.

Judgment affirmed.