## FOSTER v. BROWN.

1. **Municipal Corporation:** POWERS OF: SALE OF INTOXICATING LIQUORS. Unless specially authorized by its charter, a city in this State has no authority to punish for selling intoxicating liquors, the sale of which is prohibited by the laws of the State.

*Appeal from an order of Judge L. C. Blanchard, Judge of Sixth Judicial District of Iowa.*

### WEDNESDAY, APRIL 20.

THE plaintiff, Foster, applied for and obtained a writ of *habeas corpus.* A return was made which showed that the defendant, as sheriff of Marion county, held Foster in custody under a warrant of commitment issued by the mayor of the city of Knoxville in said county; that Foster was convicted in the mayor's court of the crime of selling intoxicating liquors contrary to the ordinances of the city: that judgment having been rendered the warrant issued in pursuance of the judgment. The plaintiff for reply denied that the mayor of Knoxville had authority to render judgment of fine or imprisonment for selling liquors prohibited by the laws of the State.

The Judge made an order discharging the prisoner. The defendant appealed.

*Crozier & Young,* for appellant.

No appearance for appellee.

ADAMS, CH. J.—The court found as a fact that the plaintiff was committed for selling whiskey, and not beer or wine.

1. MUNICIPAL corporation: powers of: sale of intoxicating liquors. The question presented is whether under the charter and ordinances of Knoxville the mayor had jurisdiction to try and convict the plaintiff for selling whiskey, the sale of whiskey being prohibited by

Foster v. Brown.

the laws of the State. The city of Knoxville was incorporated under a special charter in January, 1855. In the charter it is provided that the city council shall have authority to "prohibit the sale of intoxicating liquors, unless such prohibition would be inconsistent with the laws of the State at the time existing."

An ordinance was passed in pursuance of this provision, prohibiting the sale of intoxicating liquors. The defendant relies upon this provision as constituting the authority to pass the ordinance.

It could not, however, constitute such authority if the prohibition is inconsistent with the laws of the State existing at the time of the sales complained of. By the laws of the State then existing the sale of whiskey was prohibited. We have, then, the question whether, where by the laws of the State certain acts are prohibited and made criminal, it is inconsistent therewith for a city to provide for the punishment of the acts.

In determining this question it is proper to observe that, where the power to punish acts made criminal by the laws of the State has been unqualifiedly conferred upon a city by its charter, no question of inconsistency can arise. The charter itself precludes all such inquiry, whatever we may think of its wisdom, or of the inconsistency which ought to be recognized as existing in the nature of the case. Where the power has been unqualifiedly conferred, the only question that could arise would be in regard to the constitutionality of the charter, and such question would of course be determined according to the language of the constitution under which the charter was granted.

The difficulty of determining whether it is inconsistent for a city to exercise the power of punishing acts made criminal by the laws of the State arises largely from the want of precision in the meaning of the word inconsistency. Many things are regarded as inconsistent which are not absolutely

incompatible. The word as used in the statute must be taken in its ordinary meaning.

We cannot presume that the State is not fully competent to enforce its criminal laws. If so it does not need the aid of municipal ordinances. On the other hand any attempt of a city to take jurisdiction of criminal offenses, and punish by different modes and different penalities from those adopted by the State, might easily have the effect to impair the administration of criminal justice.

But we are not left to determine this question by considerations drawn from the nature of the case. We have a clear indication of what is to be deemed the legislative policy of this State in this respect. Section 463 of the Code provides that cities and incorporated towns shall have power to prohibit the sale of intoxicating liquors not prohibited by the laws of the State. By this provision it will be seen that the State reserves to itself the exclusive right to punish for sales of liquor prohibited by the laws of the State. The theory of the legislature evidently was that this power can be best exercised by the State alone. If it can be it would be inconsistent to allow an interference by city ordinances.

Now while this provision is found in the general incorporation law, and does not expressly apply to a city like Knoxville, incorporated under a special charter, it is not the less effective as evincing the legislative policy of the State. If it is inconsistent, as we think the statute virtually declares, to allow one class of cities to punish acts made criminal by the laws of the State, it is inconsistent to allow the other class to do it.

As the charter of the city of Knoxville allows the city to prohibit and punish for the sale of liquor only where the exercise of such power would not be inconsistent with the laws of the State, and as we have what we deem a virtual legislative declaration of what constitutes inconsistency, we have to say that we think that the power to punish under the ordinance did not exist.

AFFIRMED