WOODWORTH ET AL V. GIBBS ET AL.

1. **Practice**: CERTIORARI TO TEST VALIDITY OF TAXES: MISJOINDER OF PARTIES AND CAUSES.  Where several townships separately voted taxes to aid in the construction of a railroad, and in the proceedings in each township a defect was alleged to exist which avoided the taxes, tax-payers in the several townships could not unite as plaintiffs in *certiorari* to test the validity of the taxes.  And where the writ in such case was quashed below, and plaintiffs have appealed to this court, the objection to the misjoinder may be urged here, though it was not urged below.

2. **Certiorari**: DUTY OF COURT: DISCRETION.  In an action of *certiorari*, it is peculiarly the duty of the court to scrutinize the petition, and interfere only in a case properly made; and, even then, the court may exercise a measure of discretion in granting or quashing the writ.

*Appeal from Palo Alto Circuit Court.*

FRIDAY, JUNE 15.

ACTION of *certiorari* brought to test the validity of certain taxes voted in different townships in Palo Alto county to aid in the construction of a certain railroad.   The plaintiffs are tax-payers, one of whom owns property in each township, respectively.   The persons made defendants comprise the present county supervisors, the county auditor, and county treasurer.  The petition sets up the fact of the vote, the levy of the taxes, and the attempt to collect the same by the county treasurer; and, as ground for the issuance of the writ prayed for, it sets up certain alleged defects in the proceedings, by reason of which it is averred that the board of supervisors

never acquired the right or power to make the levy in question. The writ was issued, and afterward, upon hearing, the court quashed the writ and dismissed the plaintiffs' petition. They appeal.

*T. W. Harrison* and *George E. Clarke*, for appellants.

*Soper, Crawford & Carr*, for appellees.

ADAMS, J.—The defendants insist that the plaintiffs, being each a taxpayer in a different township, cannot properly unite in an action of *certiorari* to test the validity of the taxes in the different townships. And we have to say that it appears to us that their position is well taken. They are not interested in defeating the same taxes. They do not, therefore, seek the same relief, but only a similar relief. The plaintiffs' theory, doubtless, was that while it is true that the taxes sought to be defeated by each are different from those sought to be defeated by any other, they aim at a common result, and that is, the annulment of the levy. The plaintiffs, we think, misconceived the true character of the levy, so far as the question before us is concerned. They doubtless regarded it as a single act. Possibly the levy of the taxes in the different townships was made by a single resolution. The record does not show how it was made. But it is not important to know. The levy of the taxes in one township was, in the nature of the case, something distinct from the levy of the taxes in another township, and this constitutes the controlling circumstance. It may be that if the levy had been made by a single resolution, and the defect complained of had inhered in the resolution itself, and had been of a common character, the plaintiffs might be said to have a common interest in the annulment of the levy. But such are not the defects. One pertained to the character of the election held in Freedom township; one pertains to the character of the election held in Emmetsburg township; others pertain to the mode in

*1. PRACTICE: certiorari to test validity of taxes: misjoinder of parties and causes.*

which the different township clerks certified to the county auditor the result of the elections in their respective townships; and while the defect complained of is of the same kind in each certificate, the different certifications were different acts, and bore no relation to each other. The interests of the plaintiffs, it appears to us, would not have been more distinct if the taxes in the different townships had been voted, certified and levied in different years. The levy of the taxes, then, in one township must, we think, be treated as something distinct from the levy of the taxes in any other township. And if the taxes are invalid, and the plaintiffs are entitled to relief, it could properly be granted, we think, only by distinct judgments, annulling the levy in each township as a distinct levy. Such being the case, it appears to us that there was both a misjoinder of plaintiffs and of causes of action.

We come next to consider whether the defendants are entitled to insist upon this defense in the present condition of the case. They did not demur to the plaintiffs' petition, but made return to the writ, and proceeded to a hearing upon the petition and return and a certain agreed statement of facts; the plaintiffs having first filed a written motion for judgment, and the defendants having filed a written motion to quash the writ and dismiss the petition. Appended to the defendants' motion is a statement of various reasons why the writ should be quashed and the petition dismissed, being in effect a brief legal argument. In this argument the point is not made that there is a misjoinder of plaintiffs or of causes of action. We do not think, however, that the defendants are precluded from insisting upon the point now. It may be that if they had been unsuccessful, and were now appellants, they could not be allowed to insist upon it as a ground of reversal. But the case is quite different when all they ask is that the action of the court below should be sustained. It is said in equity practice that "where the defendant omits to demur for multifariousness, the court may *sua sponte* take

the objection and dismiss the bill." *Chew v. Bank of Balti-more*, 14 Md., 316. See also *Oliver v. Piatt*, 3 Howard, 412; *Nelson v. Hill*, 5 Howard, 127.

In an action of *certiorari*, the object of which is to annul the action of an inferior tribunal, board or officer, it is pecu-liarly the duty of the court to scrutinize the peti-tion, and interfere only in a case properly made, and even then, it is said that the court may ex-ercise a certain measure of discretion. *Drown v. Stimpson*, 2 Mass., 445; *Lees v. Childs*, 17 Mass., 352; *People v. Su-pervisors*, 1 Hill, 200; *People v. Stilwell*, 19 N. Y., 532; and in general should exercise its power sparingly. *Farrell v. Taylor*, 12 Mich., 115.

*2. CERTIO-RARI: duty of court : dis-cretion :*

It is not bound to grant the writ on mere technical grounds, and where no prejudice is shown. See *Johnson v. Board of Supervisors*, ante, p. 89, and cases cited. It was proper for the court to take all these matters into consideration, as we have no doubt it did, and we are not able to say that its ac-tion in quashing the writ was not a proper exercise of its dis-cretion in view of the whole case.

. AFFIRMED.