D. T. BLODGETT, Plaintiff, v. A. H. McVEY, JUDGE OF POLK DISTRICT COURT, Defendant.

**Certiorari.** The action of an inferior tribunal will not be annulled in a *certiorari* proceeding unless it is shown that such action was prejudicial; and in determining this question the Supreme Court is not limited to the petition and answer, but it will resort to the facts as they appear in the record.

**Gambling:** PUNISHMENT BY ORDINANCE. Where the power to punish an act made criminal by statute has been conferred upon a city a valid city ordinance to that end may be enacted.

*Certiorari to Polk District Court.*

WEDNESDAY, JULY 11, 1906.

REHEARING DENIED THURSDAY, OCTOBER 25, 1906.

ACTION of certiorari to review the action of the defendant. The opinion states the case.— *Affirmed.*

*D. T. Blodgett* and *B. H. French,* for plaintiff.

*Jesse O. Miller* and *Robert O. Brennan,* for defendant.

SHERWIN, J.— In August, 1902, an information charging the plaintiff herein and others with the violation of an ordinance of the city of Des Moines against gambling was filed in the police court of said city. In September, a trial was had on said information in said court which resulted in the conviction of the plaintiff. He appealed from the judgment therein rendered to the district court of Polk county, and the original papers filed in the police court were sent to the district court and duly filed therein. In making a transcript of his docket, the police judge inadvertently entered the case " State of Iowa v. D. T. Blodgett," and it was so entitled

on the criminal record of the district court. The case came on for trial in the district court in March, 1903, and all proceedings were conducted in the name of " City of Des Moines v. D. T. Blodgett." The instructions of the court were so entitled, and instructed the jury that the defendant in that case was accused of the crime of gambling in violation of an ordinance of the city of Des Moines. The defendant was again found guilty of violating the ordinance in question and was adjudged to pay a fine of $50. Afterwards, the defendant appealed to this court entitling the case " City of Des Moines v. D. T. Blodgett." The case was docketed here, but no abstract or argument was filed ·by the defendant herein, and in 1903 the appeal was dismissed because it appeared from the record before us that the appeal was in a case entitled " City of Des Moines v. Blodgett," while the transcript showed that the judgment was entered in a case entitled " State of Iowa v. Blodgett." Nothing further was done by the plaintiff herein except to pay a part of the judgment, until in December, 1905, when he filed a motion in the district court, asking that the judgment entered in the case be set aside and be declared null and void for want of jurisdiction in the district court to render same; the specific point being made that no indictment had been returned by the grand jury of the county. The motion was overruled, and the district court directed the clerk thereof to correct the criminal record of said court so that the same would show the correct title of the case, viz., " City of Des Moines v. D. T. Blodgett." This was accordingly done, and thereafter this writ was granted; the petition therefor alleging error on the part of the trial court in ordering the record corrected, and error in not sustaining the motion because the district court had no jurisdiction to try the case.

We shall not discuss or determine whether the trial court committed error in ordering a correction of the record, for we do not consider such determination necessary to the disposition of the case. It is the settled rule of this state that a

writ of certiorari will not be granted, nor the action of an inferior tribunal be annulled, unless it be shown that such action was prejudicial to the plaintiff. *Woodworth v. Gibbs,* 61 Iowa, 398; *Johnson v. Supervisors,* 61 Iowa, 89. When the jurisdiction of an inferior tribunal is assailed in a proceeding of this kind, it is the duty of this court to determine the question according to the actual fact as made to appear in the record before us, and for such purpose we are not limited to the petition or answer, but may consider other evidence. *Stone v. Miller,* 60 Iowa, 243. The prosecution was in fact conducted and the conviction obtained in the name of the City of Des Moines and for the violation of an ordinance of said city. The mistake of the police court in entitling the case as it did in the transcript, and the docketing of the case in the district court in the name of the State of Iowa, did not affect the substantial rights of the defendant. The information charged the violation of a city ordinance, and nothing else. He knew at all stages of the proceeding that he was on trial for such violation, and the judgment of the district court imposed a fine in accordance with the provision of the ordinance. In *State v. King,* 37 Iowa, 462, the defendant was prosecuted in the name of the State of Iowa for the violation of a city ordinance. He was convicted, and on appeal this court held that, whatever the style of the action, the proceedings were for the violation of a city ordinance, and the result a conviction or acquittal of the same. See, also, *City of Davenport v. Bird,* 34 Iowa, 524.

The real question before us is whether the ordinance in question is valid. If it is, both the police court and the district court had jurisdiction, and the action of the district court in ordering the record corrected was without prejudice to the plaintiff herein. Section 4964 of the Code provides: " If any person play at any game for any sum of money or other property of any value, or make any bet or wager for money or

**1. CERTIORARI.**

**2. GAMBLING:** punishment by ordinance.

other property of value, he shall be guilty of a misdemeanor." And section 4906 fixes the punishment for a violation of section 4964, which may be by a fine of not to exceed $500 or by imprisonment in the county jail not more than one year, or both. The ordinance under which conviction was had makes it unlawful for any person to gamble, and provides further that any person found guilty thereof shall " be punished by fine of not more than one hundred dollars or by imprisonment not more than thirty days." It is contended that the ordinance is inconsistent and in conflict with the general statute, and is therefore void. The plaintiff's argument on this proposition is very brief, and but one case is relied upon in support thereof, viz., *Iowa City v. McInnery,* 114 Iowa, 586, which we shall more fully note further along. The ordinance in question clearly covers a subject which is fully covered by a general statute, and unless the power to enact such an ordinance has been expressly granted, or is clearly to be implied from the charter or law, it should be held to be void under the rule of the Iowa City-McInnery case and other cases of like character. On the other hand, if the power to punish acts made criminal by the laws of the State has been unqualifiedly conferred upon a city, no question of inconsistency or conflict can arise. *Foster v. Brown,* 55 Iowa, 686; *Town of Bloomfield v. Trimble,* 54 Iowa, 399; *Village of St. Johnsburg v. Thompson,* 59 Vt. 300 (9 Atl. 571, 59 Am. Rep. 731); 1 Dillon on Municipal Corporations (3d Ed.) section 366; Cooley's Con. Lim. (6th Ed.) 239. Nor is this rule in conflict with the holding in the Iowa City-McInnery case, *supra,* where it is in effect held that the city had not been granted the power to enact the ordinance there involved. Turning again to the Code (section 702), we find the following provision relating to the powers of cities and towns: " They shall have power to . . . restrain or prohibit all gambling games or devices; to authorize the destruction of all instruments or devices used for the purpose of gaming or gambling and to punish gambling."

The power to punish gambling being unqualifiedly conferred on the city, it was authorized to pass the ordinance, and no question of inconsistency arises in this case.

The ordinance and the judgment imposing a fine thereunder are valid, and must be sustained.— *Affirmed.*