C. H. POLK, Appellant, v. JOE IRWIN et al., Appellees.

**HIGHWAYS:** Relocation—Jurisdiction. Jurisdiction on the part of
1   the board of supervisors to relocate a highway in order to avoid
an encroaching stream is acquired by a properly signed petition,
with due notice thereof, even though the petition is somewhat lack-
ing in certainty as to the exact lines of the proposed relocation,
*when such lack of certainty is clearly removed by the engineer's
report, plat, and survey.*

**HIGHWAYS:** Engineer in Lieu of Commissioner. In proceedings under
2   Sec. 1527-r1, Code Suppl. Supp., 1915, for the relocation of highways,
a "commissioner" to locate the relocation need not be appointed,
in addition to the appointment of the county engineer to survey
such relocation and to report thereon.

**HIGHWAYS:** Relocation—Jurisdiction. A petition for the relocation
3   of a highway in order to avoid an encroaching stream will not be
held to be fatally defective because it fails to specify what portion
of the highway, if any, is to be *vacated*, when the board of super-
visors made no order relative to vacation, and when the board
concededly had jurisdiction over the only person who could be af-
fected by a vacation.

*Certiorari from Fremont District Court.*—THOMAS ARTHUR,
Judge.

MARCH 8, 1921.

CERTIORARI proceedings to test the validity of the action of
the board of supervisors of Fremont County, Iowa, in the relo-
cation of a certain highway through the real estate of plaintiff.
Petition dismissed, and action of the board of supervisors con-
firmed. Plaintiff appeals.—*Affirmed.*

*Thornell & Thornell* and *A. L. Chantry,* for appellant.

*Vernon Johnson* and *Tinley, Mitchell, Pryor, Ross &
Mitchell,* for appellees.

DE GRAFF, J.—A petition for change of road location, signed
by the required number of citizens, was filed with the board of

supervisors of Fremont County, Iowa, in words and figures as
follows:

1. HIGHWAYS: re-
location: juris-
diction.

"We, the undersigned, freeholders of Fre-
mont County, Iowa, do hereby respectfully peti-
tion you to change the location of the highway through a part
of Sec. 17 and 20-69-42, for the reason that the present location
is so near the creek bank that it is dangerous and unsafe to
travel. We therefore ask that you change the location of this
road from a point near the west line of the C. H. Polk property
of Sec. 20-69-42, thence in a northeasterly direction to a point
in the present location north of what is known as the C. H. Polk
cattleway."

The county engineer, upon the direction and order of the
board, made a survey of the proposed road, located same, and
filed his report thereon. Subsequently to the filing of the engi-
neer's report, plaintiff filed his claim for damage with the board
in the sum of $300, which claim was allowed by the board in
the sum of $475. Subsequently, plaintiff filed an amendment
to his claim, asking that the board set aside its former order
and grant a rehearing on the question of his damage, which was
denied. During the proceedings, no complaint was made by
plaintiff as to the sufficiency of the petition asking for a change
and relocation of the highway.

It is the contention of appellant that the petition for relo-
cation filed with the board is insufficient, and that no commis-
sioner was appointed by the board to locate the highway. The
answer and return of the writ by defendants alleged that the
return of the auditor shows that the board followed the provi-
sions of Sections 1527-r1 et seq., Supplemental Supplement to
the Code, 1915; that a notice was served upon plaintiff, Polk;
that, subsequently thereto, and within the time fixed by law,
plaintiff filed a claim with the board; that, prior to the filing of
said claim by plaintiff, the report of the county engineer was
on file in the auditor's office, showing the precise location of the
highway; and that the plat accompanying said report showed
the location of said highway from the beginning and end there-
of, in so far as the board of supervisors acted or pretended to
act under the petition filed; that, on the day fixed for hearing
by the board, plaintiff presented his claim in the matter of his

damage and was fully heard by the board; that the claim for damage was sustained; and that on these facts and through these facts the jurisdiction of the board was predicated. These allegations were sustained by the evidence offered on the trial.

Section 1527-r1, Supplemental Supplement to the Code, 1915, provides:

"Ten freeholders of any county by a petition to the board of supervisors of said county or the county engineer may, at any time, recommend the expediency and advisability of changing the course of any part of any road or stream within any county, in order to avoid unnecessarily expensive bridges, grades or railroad crossings, or to straighten any road, or to cut off dangerous corners on the highway or to widen any road above statutory width, or for the purpose of preventing the encroachment of a stream upon a public highway, specifying clearly the change recommended, and whether any part of any highway already established should be vacated and abandoned, and what part. The board may, thereupon, order the engineer to make a survey and report on such proposed change, and in order to comply with such order, the engineer shall have a right to enter upon the premises proposed to be taken and make said survey. If, from a consideration of the survey and report on such proposed change, the board deems the change advisable, it shall have power to buy such right of way and take conveyance thereof in the name of the county and to pay for the same out of either the county road or bridge fund or out of both of said funds, as may appear advisable."

It will be observed in the instant case that a petition signed by the requisite number of freeholders was filed with the proper board, and that the board ordered the engineer to make a survey and a report on the proposed change. In con- 2. HIGHWAYS: engineer in lieu of commissioner. formity to the directions given, the said engineer did make a survey of the proposed relocation referred to in the petition, and did make and file a report, and attached thereto a plat and survey, with field notes and descriptions. It was not necessary to appoint a commissioner other than the engineer to relocate the highway and to make a survey and report.

The petition might have been drawn with more certainty as

to the lines of the proposed change, but it specifies with reasonable clearness the location of the proposed relocation, and whatever clearness it lacks is obviated by the report, plat, and survey of the engineer. It cannot be said that, upon examination of the petition and the engineer's report, a person would be in ignorance of the change of road contemplated by the petition. This court, in determining the question of the jurisdiction of the board of supervisors in a proceeding of this kind, is not limited to an examination of the petition filed, which, it is true, is the first jurisdictional fact to consider. We will also consider the accompaniments of the petition, which, in this case, include the survey, field notes, and descriptive plats. *Blodgett v. McVey,* 131 Iowa 552, 554.

It is urged, however, that the petition does not state what portion of the highway, if any, is to be vacated. Inferentially, it may be said that the petition does contemplate an abandonment of the old road through that part of plaintiff's land then in use. Section 1527-r1, above quoted, does not make it obligatory upon the board of supervisors to abandon any part of a highway already established; "but if it be proposed to abandon any part of a highway already established, notice shall be served as herein provided, upon the said record owners as aforesaid through which or abutting upon which said highway so proposed to be abandoned extends." Section 1527-r7, Supplemental Supplement to the Code, 1915.

3. HIGHWAYS: relocation: jurisdiction.

No portion of the alleged abandoned highway was affected by the resolution of the board of supervisors, and no portion of the abandoned highway affected any record owner other than the plaintiff, Polk.

A substantial compliance with the provisions of the statute is required, but it is not necessary to follow the precise language of the statute in drafting petitions for the establishment or relocation of roads and highways. A petition is sufficient if it follows the statutory form in substance, expressing with reasonable certainty the action desired. *Harris v. Board of Supervisors,* 88 Iowa 219, 223; *Lehmann v. Rinehart,* 90 Iowa 346, 349; *McCollister v. Shuey,* 24 Iowa 362.

The record in the instant case shows a compliance with the

statute, and there is no basis upon which to predicate valid objections to the jurisdiction of the board in the premises. The issuance of a writ of certiorari and its confirmation or rejection by the court upon hearing rest in the sound discretion of the court; and, unless the action of the inferior tribunal was prejudicial in some particular to complainant, we will not interfere with the judgment of the trial court. The court may and does exercise a certain measure of discretion. *Woodworth v. Gibbs,* 61 Iowa 398; *Johnson v. Supervisors,* 61 Iowa 89; *Blodgett v. McVey,* supra.

The relief demanded was understood by every party in interest, and no irregularities or nonconformities to the statutory requirements in the relocation of a road are disclosed by this record. The judgment of the trial court is, therefore,—*Affirmed.*

EVANS, C. J., WEAVER and PRESTON, JJ., concur.

ARTHUR, J., took no part.