L. W. Boehner, Appellee, v. Charles L. Williams et al., Appellants.

No. 40796.

Carl H. Cook, for appellee.

Genung & Genung, for appellants.

DE GRAFF, J.—Two propositions are relied upon by the defendants for a reversal of this cause and of these in their order:

██ I. It is contended by appellant that the court erred in holding that plaintiff, as a private individual, had a right to maintain said cause of action. The court did not err in this particular. A property owner who owns property adjacent to a building being erected in violation of a town ordinance has such an interest, as will entitle him to relief in equity, to prevent the erection or maintenance of such building. It is undisputed in this case that the building being erected is within the fire limits prescribed by the fire ordinance.

In Holzbauer v. Ritter, 198 N. W. 852 (Wis.), the plaintiff sought relief by injunction to prevent the violation of a zoning ordinance and to enjoin the city of Milwaukee from granting a permit for a building to be erected in violation of said ordi-

nance. The facts disclose that the plaintiff owned real estate in close proximity to the building sought to be erected. In the opinion it is said:

"On the facts alleged in this complaint, it is plain that if the defendants Loughlin and Ritter are allowed to proceed in the erection of the store building it might cause special damage to the plaintiffs. Under such circumstances a plaintiff's cause of action does not depend on any right to enforce an ordinance of the city but on his right to prevent irreparable injury to his property when the injury threatened is special and different from that of the general public. Similar questions have frequently arisen in other states, and it has generally been held that property rights may be protected by injunction when, in violation of ordinances, those rights are threatened to be invaded, and that it is not necessary in such cases to show that the act violating the ordinance is a nuisance *per se*." Citing cases.

In the case of Pritz v. Messer, 149 N. E. 30 (Ohio), it is said in substance that the law must presume enhanced danger from fire; that it was the purpose of the fire ordinance to protect and decrease the fire hazards; that it is a matter of common knowledge that the erection of a building in a congested part of a town's business district, which is not in any sense fireproof, will make an increased hazard which must necessarily reduce the value of his property and increase his insurance rates; the fact that the law permits restrictions of this kind is based solely upon the benefits which will accrue to the people and property owners within the district and for the special good and welfare of the property owners within the district. In First Nat. Bank of Mt. Vernon v. Sarlls, 28 N. E. 434 (Ind.), 28 A. S. R. 185, 13 L. R. A. 481, it is held that a property owner may have the erection of a wooden building in violation of the fire ordinance enjoined, when it is so near his building as to increase the risk of fire. See, also, Galanty & Alper v. City of Maysville, 196 S. W. 169 (Ky.); Fitzgerald v. Merard Holding Co., 138 Atl. 483 (Conn.).

II. The second proposition relied upon by appellant for reversal is that the court erred in holding that the ordinance in question was valid and not in conflict and in contravention of the statute. We deem it necessary to quote the provisions of

said fire ordinance and compare same with the statute, which constitutes the legislative grant to the instant municipality for enacting said ordinance. The ordinance in question is No. 19 of the Town of Malvern, Iowa, and the caption thereof is: "An Ordinance to establish fire limits and prescribing material entering into outer walls of the construction of buildings erected therein." Section 1 of said ordinance prescribes geographically the fire limits of the town of Malvern, and, as heretofore stated, the building of the plaintiff and of the defendants, respectively, is constructed within the prescribed fire limits of the town of Malvern. Section 2 reads as follows:

"That it shall be unlawful for any person or persons to erect or build or make any additions to any buildings within said fire limits, unless the outer walls be made of brick and mortar, or of iron and stone and mortar."

Section 3 of said ordinance reads:

"Any building or buildings or additions to any already built, erected contrary to this ordinance shall be removed on the order of the mayor and council of said town at the expense of the owner of the property so removed."

This ordinance was passed by the Town Council of Malvern and became effective on the 4th day of March 1902. The legislative authority under which this ordinance was passed is found in Section 711, Code, 1897. This section is as follows:

"Fires—Electrical Apparatus—Fire Limits. They shall have power to make regulations against danger from accidents by fire or electrical apparatus, to establish fire limits, and to prohibit within such limits the erection of any building or addition thereto, unless the outer walls be made of brick, iron, stone, mortar, or other non-combustible material, with fireproof roofs, and to provide for the removal of any structure erected contrary to such prohibition."

It follows, therefore, as a matter of judicial construction that the ordinance in question must be such as was justified by Section 711, herein quoted, in order to constitute a valid ordinance. It is elementary that cities and towns obtain their power and authority by legislative enactment, and that power and

authority given to municipal corporations are only such as are granted in express words, or necessarily or fairly implied in or incident to powers expressly granted or indispensable to the declared objects and purposes of the corporation. Burkitt Motor Co. v. City of Stuart, 190 Iowa 1354, l. c. 1355. This legal principle was first declared by the eminent Justice Dillon in Clark v. City of Des Moines, 19 Iowa 199, l. c. 209, and has been frequently reaffirmed and quoted by this court.

The pertinent question in the case at bar is whether the ordinance No. 19 of the Town of Malvern is a valid and enforceable ordinance. It appears from said ordinance that the only buildings (outer walls) that can be erected within the prescribed fire limits are such as are permitted in Section 2 thereof. The ordinance in this particular is absolutely restrictive, and is not in compliance with Section 711, Code, 1897. It may be observed that the language of the statute, "or other non-combustible material," is not included in said ordinance.

The record discloses without dispute that the walls of this building are constructed with two by four studding and lathed and stuccoed on the outside and plastered on the inside, and that the stucco is placed on wooden lath and the 2x4's are wooden. It is agreed that the ordinance, when it uses the words "outer walls," means the entire walls and not just the covering for the wall, such as stucco. It is clear that the defendant's proposed building is not within the purview of the statute upon which the ordinance is predicated. It is clear on authority that a municipality cannot by ordinance exceed or go beyond the authority given to it by statute. In other words, if the statute grants a municipality certain designated rights, the municipality cannot by ordinance exceed the designated powers. Ebert v. Short, 199 Iowa 147; Van Eaton v. Town of Sidney, 211 Iowa 986; City of Burlington v. Kellar, 18 Iowa 59; 43 C. J. 215, Sec. 219.

We conclude, therefore, that the ordinance in question is not valid and is in contravention of the statute.—Reversed.

All Justices concur.