THE STATE v. PUTNAM.

Criminal law: RESISTING OFFICER. A road supervisor is not such an officer as is referred to in the statute against resisting officers in the service of process or in the discharge of their duties (Rev., § 4296, and chap. 150, Laws of 1868). The statute contemplates only such officers as are authorized to execute legal process.

*Appeal from Jackson District Court.*

TUESDAY, JANUARY 22.

INDICTMENT for resisting an officer in the discharge of his duty. Demurrer to the indictment was sustained. The State appeals.

_M. E. Cutts_, attorney-general, for the State.

_W. E. Leffingwell_ and _Frank Amos_ for the defendant.

COLE, J.— The defendant was indicted for " knowingly and willfully resisting an officer in the discharge of his duty, committed as follows: The said David Putnam, on the 11th day of June, 1870, in the county aforesaid, unlawfully, knowingly and willfully did resist one J. K. Bowman, and the said J. K. Bowman was then and there road supervisor of road district No. 11 in Maquoketa township in said county, and as such officer it became, and was, his duty to remove obstructions from public roads in said district, and the said Bowman was then and there removing and attempting to remove obstructions from a public road in said district; to wit, the road known as the Kendal road in said district, when so resisted by said Putnam, and said resistance was contrary to the statute in such case made and provided and against the peace and dignity of the State of Iowa." The defendant demurred to the indictment, because " the facts charged do not constitute an indictable offense." The demurrer was sustained, and the correctness of this ruling is the only question for our determination.

The section of our statute upon which the indictment is founded is as follows: " Section 4296. If any person knowingly and willfully resist or oppose any officer of this State, or any person authorized by law, in serving or attempting to execute any legal writ, rule, order or process whatsoever ; _or shall knowingly and willfully resist any such officer in the discharge of his duties without such writ, rule, order or process_ he shall be punished," etc. The words in italics are an amendment to the original statute, and were enacted by the twelfth General Assembly. (See Laws of 1868, chap. 150, p. 208.) This amendment was enacted just after the decision by this

court of the case of *The State* v. *Lovell*, 23 Iowa, 304, wherein it was held that the original section did not make it an offense to resist a peace officer while attempting to make an arrest *without a warrant*.

It is quite manifest, upon a careful reading of the section as originally enacted, that the officers mentioned in it are those only who are authorized to execute any legal writ, rule, order or process, and the amendment is limited to " *such officers*," but extends the offense so as to make it apply to a resistance of them when in the discharge of their duties without such writ, rule, order or process. A road supervisor is not *such officer ;* and besides, the resistance charged, was not while he was serving or attempting to serve any legal writ, rule, order or process ; nor, while in the discharge of his duties, relating thereto in subject-matter, though without such writ, rule, order or process.

Affirmed.