## Scott v. The City of Davenport.

1. Municipal corporation: TAXATION: CONSTITUTIONAL LAW. The charter of the city of Davenport, authorizing unlimited taxation by the city, being inconsistent with section 3 of article 11 of the new constitution, limiting municipal indebtedness to an amount not exceeding five per cent on the valuation of taxable property within the corporate limits, was repealed by sections 1 and 2 of article 12, and the city is not authorized to contract or incur any indebtedness beyond such limit.

2. —— That the city was indebted in excess of such limit at the time of the adoption of the new constitution containing the same, does not change the rule. In such case, while the prior indebtedness is not impaired, the city cannot add thereto.

3. —— BONDS. The issue of bonds by the city for the purpose of raising money to erect improvements, from which it is expected the city will derive a revenue, is an indebtedness within the meaning of the constitutional clause. The case of *Dively* v. *The City of Cedar Falls*, 27 Iowa, 227, distinguished from the present one.

*Appeal from Scott District Court.*

WEDNESDAY, JUNE 5.

THIS is a suit in equity brought by Thomas Scott and others, citizens and tax payers of the city of Davenport,

against the city, for the purpose of restraining it, by injunction, from issuing the bonds of the city for the sum of $300,000, for the purpose of borrowing money to erect "water-works" in and for the use of the city, which, it is alleged, the city authorities are about to issue contrary to law.

The answer admits, substantially, all the facts alleged in the petition, and sets out at length the ordinance passed by the city council, "authorizing a loan of $300,000, to provide water-works for the city of Davenport," and the submission of the question, whether the city should be authorized to make the loan and erect the water-works as provided in the ordinance, to a vote of the electors of the city; also alleging that a vote was had which resulted in favor of making the loan.

The answer also alleges that the city is large and populous, and needs a system of water-works to protect the property therein from fire and for other purposes; that the city, by its charter, is authorized to provide for the erection of water-works; that the money to be raised by the negotiation of the bonds will be solely used in the erection of such works; that the revenue to be derived from said works will pay the interest on the bonds, and the principal thereof, at maturity; that said works are to be mortgaged to secure such payment, and that the works can be constructed for the sum to be borrowed.

It is admitted that the present indebtedness of the city exceeds five *per centum* of the value of the taxable property of the city, as ascertained by the last State and county tax list.

A demurrer being sustained to the answer, a decree was rendered by the district court in accordance with the prayer of the petition. The defendant appeals.

*J. N. Rogers* and *J. C. Bills* for the appellant.

*C. Whittaker* for the appellees.

MILLER, J. — The ordinance providing for a loan by the city of $300,000, for the purpose of erecting water-works, was passed December 6, 1871. The petition for the injunction was filed January 24, 1872; and the grounds upon which the injunction is asked are, that the taxable property within the city, as appears by the tax list of 1871, amounted to $3,653,737.33, and for 1870, to the sum of $3,971,520; that the present indebtedness (exclusive of said proposed loan of $300,000) is $362,300, being more than five per centum on the assessed valuation of either of those years, and that, under the constitution of the State, the city has no authority to incur the proposed indebtedness of $300,000, for the erection of water-works or for any other purpose.

It is insisted by appellant's counsel, that the city of Davenport by its charter, which was passed prior to the adoption of the present constitution, has power to borrow money, without limit as to amount, provided the proposition to borrow be submitted to, and adopted by a majority of, the legal voters of the city; that the present indebtedness of the city was incurred prior to the adoption of the new constitution, and exceeded the limit imposed by article 11, section 3, thereof; that the validity of this indebtedness could not be, and was not, affected by the constitution, and that, inasmuch as the limit contained in this section of the constitution had been already passed — the boundary there fixed crossed — that clause of the constitution did not apply to the city of Davenport, so as to restrain it from incurring a *subsequent* indebtedness to any extent whatever for the erection of water-works.

The section of the constitution, above referred to, reads as follows: "No county or other political or municipal corporation shall be allowed to become indebted in any manner, or for any purpose, to an amount in the aggregate, exceeding five per centum on the valuation of the taxable property within such county or corporation — to be ascer-

tained by the last State and county tax list — previous to the incurring of such indebtedness."

We agree with the counsel for appellant that the above section of the constitution did not and could not have the effect to impair the obligation of any pre-existing contracts entered into by the city, and did not affect any valid indebtedness incurred by it prior to the taking effect of the new constitution, but we cannot assent to the argument that, therefore, and inasmuch as such prior indebtedness exceeded the amount limited in the constitution, the restrictive clause does not apply to the city of Davenport.

The clause of the city charter, under which the power to borrow money without limit as to amount is claimed, being clearly and plainly inconsistent with the provision of the constitution above set out, was repealed by the first and second sections of article 12 of that instrument, which reads as follows: " Section 1. The constitution shall be the supreme law of the State, and any law inconsistent therewith shall be void." * * * " Section 2. All laws now in force, and not inconsistent with this constitution, shall remain until they shall expire or be repealed." By these provisions only the laws in force when the constitution took effect, which were *not inconsistent with that instrument*, were continued in force. All others are declared void. It requires no argument to show that the clause of the city charter above referred to was inconsistent with the constitution. And though the constitutional restriction did not invalidate or impair the obligation of contracts previously incurred by the city under this clause of its charter, yet the plain and manifest effect of the adoption of the constitution was to take away this unlimited power to borrow money, and to impose a restriction or fix a limit which the corporation shall not be permitted to pass, or if passed, the power to create any additional indebtedness, *in any manner or for any purpose*, so long as its aggregate debt reaches or exceeds the amount fixed in the constitution, is prohibited.

The language of the constitution is broad and sweeping. It includes all corporations of the character named. It includes all debts incurred to *any manner* or for *any purpose*. It says in effect that whenever the corporate indebtedness *in the aggregate* shall amount to five per centum on the taxable property within the corporation, no further indebtedness shall be allowed to be created in any manner or for any purpose. If the limit was reached or exceeded when the constitution took effect, the prohibition against any increase of indebtedness applied with as much force as if the limit had not then been reached. Had the indebtedness been below the limit, it could not be increased beyond. If the limit had been just reached, then no further indebtedness could be created, so also if the boundary had been passed, the inhibition against further increase applied with at least equal force. No further indebtedness is permitted when the limit is reached or passed, for "*no municipal corporation*," whether organized under special charter prior to the constitution or subsequently under the general law, "shall be allowed to become indebted in any manner or for any purpose, *to an amount in the aggregate*, exceeding" the limit of the constitution. There are no reasons for the application of the restriction to cities whose indebtedness, at the time of the taking effect of the constitution, fell below or had reached the limit, that do not exist and apply as strongly to cases where the limit had already been passed.

II. It is next insisted that the issue of the $300,000, of bonds for the creation of water-works as proposed by the city ordinances, does not constitute an increase of the indebtedness of the city in the sense in which the term is used in the constitution. It is argued that with the money to be obtained by a sale of the bonds the city will acquire new and valuable property in the water-works to be erected, which will be of equal value with the amount of the loan, and productive of revenue, and that,

3. —— bonds.

therefore, the issue of the bonds will not increase the indebtedness of the city.

We cannot concur in this view of the learned counsel. A debt is created when one person binds himself to pay money to another. A party becomes indebted when he enters into an obligation to pay. Web. Dic. title *Indebted.* A debtor is one who owes a debt; he who may be constrained to pay what he owes. 1 Bouv. L. Dic. 380· When a man buys a farm and executes his notes and mortgage for the purchase-money, he becomes indebted, although the farm may be worth more than the sum agreed to be paid, and the profit or income therefrom be more than sufficient to pay the debt as it falls due. A merchant incurs a debt for .goods, though he expects to realize large profits thereon. Men do not often incur debts without receiving in return what *they consider of equal value;* nor unless they expect to profit by the transaction. But the fact that the property, for which the debt is contracted, is valuable, and a source of profit or revenue does not remove or change the character of the indebtedness. The purchaser, having become bound to pay, has incurred an indebtedness which he may be compelled to pay. Being thus bound, he is in debt, no matter what amount of property he may have received in consideration for his obligation. He has become indebted for its purchase. The case of *Dively* v. *The City of Cedar Falls*, 27 Iowa, 227, referred to by counsel for appellant, does not sustain their view. The court there decided that where a municipal corporation issued warrants or orders for the payment of money, directed to an officer of the same corporation, in an amount larger than five per centum of the taxable property within the corporation, such issue of warrants was not a violation of the section of the constitution above set out, when the corporation had *at the same time* the means in its treasury to meet the warrants. In. such case, the issue of the warrants amounted to no more than

a direction by the corporation to its treasurer to pay out the money, then in the treasury, upon the warrants. The warrants were not obligations to pay money that the corporation expected to realize from property purchased. The cases are essentially different. In this case the issue of the bonds would create an indebtedness which the city would be bound to pay. They are not in the nature of orders on its treasury, nor is it claimed that if they were, the money is there to pay them.

It is only *expected* that, at some future day, the city will have the money to pay them, derived from the revenue of the water-works for which it is proposed to create this additional indebtedness. However reasonable this expectation may be, and however much the erection of the works may conduce to the safety of property, and to the convenience or health of the people within the city, the constitution, the language of which seems too plain to be misunderstood, will not permit the creation of this additional debt for that or any other purpose.

The demurrer was properly sustained to the answer by the court below, and its judgment is

