## TOWN OF BLOOMFIELD V. TRIMBLE.

1. **Municipal Corporations**: POWERS OF: PUNISHMENT FOR INTOXICATION. It is competent for a municipal corporation, under the powers conferred by sections 456 and 482 of the Code, to provide by ordinance for the arrest and punishment of persons found in a state of intoxication.

| 54 | 399 |
| 114 | 589 |
| e114 | 591 |
| d114 | 592 |
| 54 | 399 |
| e122 | 214 |
| 54 | 399 |
| f126 | 559 |
| 54 | 399 |
| f129 | 229 |
| 54 | 399 |
| f131 | 495 |
| 131 | 555 |

*Appeal from Davis District Court.*

FRIDAY, SEPTEMBER 24.

THE town of Bloomfield, having been regularly incorporated under the general incorporation laws of this State, enacted an ordinance as follows: Sec. 1. "Be it ordained by the town council of the Town of Bloomfield, that, if any person shall be found in a state of intoxication, he shall be deemed guilty of a misdemeanor, and the marshal may, without warrant, and it is hereby made his duty to, take such person into custody, and, if in a fit condition for trial, take him before the mayor; if not in a fit condition for trial, the marshal shall re-

1. MUNICIPAL corporations: powers of: punishment for intoxication.

tain such person in the county jail until he is in a fit condition."

Another section of the ordinance provides the penalty imposed for drunkenness.

The defendant was arrested, and an information filed against him, charging him with being found in a state of intoxication, contrary to said ordinance. He was tried before the mayor of the town, and found guilty. An appeal was taken to the District Court. The plea of not guilty, which had been interposed before the mayor, was, by decree of court, withdrawn, and the defendant demurred to the information. The demurrer was sustained, and the defendant was discharged. Plaintiff appeals.

*Traverse, Payne & Eichelberger*, for appellants.

No appearance for appellee.

ROTHROCK, J.—I. It is said in argument that the District Court sustained the demurrer upon the ground that the statute does not grant the power to municipal corporations to punish intoxication by ordinance.

It is true the statute does not specifically provide that a municipal corporation may punish persons for intoxication or drunkenness. But there are many subjects of municipal control which are not expressed and particularly named in the sections of the Code conferring powers upon cities and towns. Sec. 456, after enumerating certain powers of the incorporation, such as the prevention of riots, noise, disturbance, disorderly assemblages, etc., provides that they shall have power "to preserve peace and order therein." By Sec. 482 municipal corporations are empowered to make and publish ordinances not inconsistent with the laws of the State, "and such as shall seem necessary and proper to provide for the safety, preserve the health, promote the prosperity, improve the morals, order, comfort, and convenience, of such corporation and the inhabitants thereof."

We entertain no doubt that, under these provisions, a town or city may, by ordinance, punish for drunkenness. The town council has, by ordinance, determined that where a person voluntarily deprives himself of his reason by intoxication, he has done an act which is derogatory to the "peace and order" of the incorporation, and "the comfort and convenience of the inhabitants." To hold that the council, when it enacted this ordinance, exceeded its powers, and was mistaken as to the effect of drunkenness in the incorporation, and that it does not affect the public peace and order, and the comfort and convenience of the inhabitants, would, it seems to us, be contrary to the common experience of mankind.

II. The ordinance in question is in substance the same as Sec. 1548 of the Code, which provides for the punishment of persons found in a state of intoxication. Both the State law and the ordinance provide for the punishment of the same offense. That an ordinance of this character is not void, see Cooley's Const. Lim., 198, where it is said: "Indeed, the same act may constitute an offense against both the State and the municipal corporation, and may be punished under both without violation of any constitutional principle."

The learned author states that such is the clear weight of authority. See, also, 1 Bish. Crim. Law, Sec. 145, 835–7, 897.

In our opinion the demurrer to the information should have been overruled.

REVERSED.