EDWARD RICHARDSON, Appellant, v. ERNST BRIX.

**Public Policy.** Where a city ordinance assumed to be authorized, prohibits real estate brokers from carrying on their business before procuring a license, one who sells land without a license cannot recover commissions for his services.

*Appeal from Scott District Court.*—HON. C. M. WATERMAN, Judge.

TUESDAY, MAY 21, 1895.

This is an action at law to recover a broker's commission for the sale of certain real estate. The action was commenced before a justice of the peace, where it was tried, and then appealed to the district court. There was a trial by a jury, and the court directed the jury to return a verdict for the defendant. From a judgment on the verdict, the plaintiff appeals.— *Affirmed.*

*John M. Helmick* for appellant.

*Wm. Hoersch* for appellee.

Rothrock, J.—The case involves less than one hundred dollars, and the appeal comes to us upon the following statement and certificate: On or about October 1, 1893, plaintiff made a contract with defendant whereby he agreed to furnish defendant a buyer for defendant's real estate in the city of Davenport, Iowa, for which service defendant agreed to pay plaintiff a commission. Plaintiff furnished defendant a buyer, to whom the property was sold by defendant. Plaintiff was at this date, and for several months preceding, following the business of real-estate agent, and doing

business in said city, without having obtained a license
therefor, as provided by the ordinance of said city,
to-wit: "No person shall, within the limits of the city,
carry on business as insurance broker, or buy or sell
for others on commission any real estate, whether the
same be situated within the city or not, or buy or sell
for commission any merchandise, promissory note, bill
of exchange, stocks, bonds, or other evidence of indebt-
edness, without first having obtained a broker's license
therefor as hereinafter provided.    (a) Said license
may be obtained in the manner provided in section 2
hereof, upon the payment of the sum of ten dollars,
and the same shall expire on the 31st of December of
the year of its issue.    (b) Any person violating any of
the provisions of this section shall be fined not less than
five dollars nor more than twenty-five dollars, and be
imprisoned until such fine is paid, provided such
imprisonment shall not exceed thirty days; and it shall
be deemed a separate offense for each day upon which
business is carried on without a license."    On motion
of the defendant, the court directed the jury to return
a verdict for defendant for costs, on the ground that
plaintiff's said contract was made in violation of said
city ordinance, and was on this account null and void.
The court therefore certifies that this cause involves the
determination of the following question of law, upon
which it is desirable to have the opinion of the supreme
court:  "Under an ordinance prohibiting any person
in the city of Davenport from buying or selling any real
estate for others on commission without a license, and
affixing as a penalty a fine not less than five dollars nor
more than twenty-five dollars for each day's continu-
ance of such business, can one who, in violation of said
ordinance, has been doing business, sue and recover
for commissions earned by him while so carrying on

such business without a license? C. M. Waterman, Judge."

There is nothing in the record made in the court below from which it may be inferred that the ordinance of the city was not fully authorized by its charter. The city is organized under a special charter, and the court below did not find that there was a want of authority in the city to pass the ordinance, and that question is not certified to this court for decision. The only question to be determined is whether the plaintiff, being an unlicensed real-estate agent, may recover a commission for procuring a purchaser for defendant's property. We think the court correctly held that there was no right of action. It is a general and well-established rule of law that, where a statute or a valid city ordinance absolutely prohibits the carrying on of such a business as the plaintiff was engaged in without first procuring a license to do so, he cannot recover for services rendered in that occupation. The ordinance under consideration, in express terms, prohibits the exercise of the calling without a license. In *Pangborn v. Westlake*, 36 Iowa, 548, it is said: "There is no doubt that the well-settled general rule is that, when a statute prohibits or attaches a penalty to the doing of an act, the act is void, and will not be enforced, *nor will the law assist one to recover money or property which he has expended in the unlawful execution of it;* or, in other words, a penalty implies a prohibition, and makes the act illegal and void." In Bishop on Contracts (section 472) it is said: "Wages earned by a minor forbidden by a statute to be employed in the particular business, or by a school teacher not having the certificate of qualifications which a statute provides for, or by a broker for services rendered without the license ordained by a statute, * * * cannot be recovered in a judicial tribunal." See, also, *Dillon*

*v. Allen*, 46 Iowa, 299. In *Buckley v. Humason*, 52 N.
.W. Rep. (Minn.) 385, it was held that where, by a valid
city ordinance, it was made unlawful for any person
to exercise within the city the business of a real-estate
broker without a license, a person so engaged in viola-
tion of such ordinance could recover no commission for
his services.  It will be understood that we do not hold
that the contract between the vendor and purchaser
.would in such case be void.  The case presented is
whether the plaintiff can recover compensation for serv-
ices rendered in violation of an ordinance expressly
prohibiting him from making sales of real estate with-
out a license.  The judgment of the district court is
*affirmed.*