Incorporated Town of Scranton, Iowa, v. Gus Danenbaum, Appellant.

Judical notice of ordinance. A town or city court takes judical notice of ordinances of the municipality, and stands in the same relation to them as the state court to public statutes.

On appeal to district court.   Under Code, section 602, relating to appeals from a town or city court to the district court, providing that on the hearing of such appeal or writ of error the court shall take judicial notice of the ordinances of the city or town, averment and proof of an ordinance need not be made, as the district court takes judicial notice of it, the same as of a public statute.

Presumptions,   No presumption obtains for or against the existence of an ordinance but the court is bound to ascertain on its own motion whether an ordinance covers the particular crime charged

*Appeal from Greene District Court.*—Hon. S. M. Elwood, Judge.

Wednesday, October 4, 1899.

The defendant was fined for failing to pay the license required of him as a transient merchant, and appeals.— *Affirmed.*

*F. M. Powers* for appellant.

*Rose & Henderson* for appellee.

Ladd, J.—The trial court found the defendant to have been a transient merchant at the time the information was filed, and this conclusion has such support in the evidence as to preclude any interference on our part.   But the appellant contends there was no proof of an ordinance fixing the license for transient merchants, or imposing a penalty for its violation.   Formerly such an objection would have been fatal to the record, as an ordinance, being in the nature of a private statute, must have been pleaded and proven.   *Garvin v. Wells,* 8 Iowa, 286; *Goodrich v. Brown,* 30 Iowa, 291; *Wolf v. City of Keokuk,* 48 Iowa, 129.   The town or city court, however, has always taken judicial notice of the ordinances of the municipality in which sitting, as it stands in the same relation to these as the state court to public statutes.   *Conboy v. Iowa City,* 2 Iowa, 90; *State v. Leiber,*

11 Iowa, 407; *Town of Laporte City v. Goodfellow*, 47 Iowa, 572; 12 Am. & Eng. Enc. Law, 168. Under section 692 of the Code the same rule obtains in the district court when a case is carried on appeal to that tribunal. That section reads in part: "On the hearing of such appeal, or writ of error, the court shall take judicial notice of the ordinances of the city or town." Under this statute the ordinances must be recognized and acted upon as such without averment or proof; that is, in so far as the case on appeal or writ of error is concerned, the ordinances of the municipality will be taken judicial notice of precisely the same as public statutes. Such has been adjudged the rule in Kansas without the aid of legislation. *Downing v. City of Miltonville,* 36 Kan. 740 (14 Pac. Rep. 281); *City of Solomon v. Hughes,* 24 Kan. 211. This does not put the onus of proving the absence of an ordinance upon the accused, but requires the court to know or inform itself as to the fact of its existence. No presumption is indulged in favor of or against there being a certain ordinance any more than a particular statute. The court is simply bound to ascertain whether there is an ordinance condemning the particular act, without the aid of the parties. This disposes of the contention that the statute is unconstitutional because of involving a presumption of guilt. That there was such an ordinance is not questioned.—AFFIRMED.