TOWN OF LOVILIA, Appellee, v. MAJOR COBB, Appellant.

Cities: POLICE POWER: ORDINANCES.  A city has power under Code, section 680, to enact an ordinance prohibiting the keeping of a place of business, resorted to for the purpose of drinking intoxicating liquor, open on Sunday.

Ordinances: TITLE.  An ordinance prohibiting the keeping of a place, resorted to for the purpose of drinking liquors, open on Sunday, is comprehended in a title "an ordinance concerning misdemeanors."

Information: FILING.  It is not necessary that an information be marked "filed" by a magistrate, where it was sworn to before

him and left with him and treated as an information in the trial of a case.

**Information:** AMENDMENT. An information before a mayor charg-
4    ing the violation of an ordinance prohibiting an open drinking resort on Sunday, may be amended so as to describe the place, even after an appeal to the district court.

**Verification of information.** It is presumed that a mayor before
5    whom an information was verified, was within his jurisdiction when the oath was administered.

**Jury trial:** WAIVER. A defendant may waive a jury on the trial
6    of an appeal from a conviction before a mayor for the violation of an ordinance.

*Appeal from Monroe District Court.*— HON. C. W. VER-
MILLION, Judge.

SATURDAY, FEBRUARY 11, 1905.

DEFENDANT was accused by information before a magistrate of keeping open his place of business, to which persons resorted for the purpose of drinking intoxicating liquors, on Sunday, contrary to the ordinances of the plaintiff town. He was convicted before the magistrate, and appealed to the district court. In that court defendant demurred to the information, but before the demurrer was ruled upon plaintiff filed an amendment to the information, pleading the location of the place which defendant was alleged to have kept open as being in the town of Lovilia. Thereupon the demurrer was overruled. The case then went to trial before the court, a jury having been waived, resulting in a judgment of guilty. Defendant appeals.— *Affirmed.*

*Mitchell, Tomlinson & Price,* for appellant.

*J. F. Abegglen,* for appellee.

DEEMER, J.— An ordinance of the plaintiff town prohibited any one from engaging in any calling, avocation,

or business on Sunday, or from keeping open any place
1. POLICE POWER: of business of any kind, or from permitting per-
ordinances. sons to resort thereto for the purpose of drinking
intoxicating liquors on the Sabbath day, except that the work
be of necessity or charity. The information charged the de-
fendant with keeping open his place of business on Sunday,
which place was resorted to for the purpose of drinking intoxi-
cating liquors. The charge is clearly within the ordinance,
and unless there be some invalidity in the act, or some error in
the proceedings under which defendant was convicted, the
judgment must stand. Defendant contends, however, that
the ordinance for several reasons is invalid. Among others,
it is said that the town had no authority to enact the same
because the acts charged are an offense under the laws of
the State, and therefore the ordinance is inconsistent there-
with. Without setting forth the statutes which it is claimed
cover the same matter, it is sufficient to say that none of
them cover the acts charged. Even if they did, we are
not prepared to hold the ordinance invalid. No such facts
are charged as would show a violation of the " mulct law,"
and there is nothing to show that defendant was acting under
this law; hence *Iowa City v. McInnerny,* 114 Iowa, 587, is
in point. *Bloomfield v. Trimble,* 54 Iowa, 399, is controlling
on this proposition. The general welfare clause of section
680 of the Code authorized the town to adopt the ordinance
in question. *Bloomfield v. Trimble, supra.*

II. Further, it is argued that the ordinance is invalid
because it embraces more than one subject, and the object
thereof is not clearly expressed in the title. There is noth-
2. ORDINANCES: ing in this contention. *State v. Wells,* 46
title. Iowa, 663. The title of the ordinance was
" An Ordinance Concerning Misdemeanors."

III. Next it is argued that the mayor who originally
tried the case had no jurisdiction — First, because the in-
formation was not marked filed by him; and, second, be-
cause it did not locate the place where the offense is said to

have been committed. The first point is without merit. True, the original information was not marked

**3. Information: filing.** filed; but this was not essential to give the magistrate jurisdiction. It was in fact sworn to before the mayor, and left with him as an information. He treated it as such, and acted thereon. On that defendant was convicted, and from the judgment thereon he appealed. This shows a sufficient filing. *State v. Briggs,* 68 Iowa, 416; *State v. Guisenhause,* 20 Iowa, 227.

The sufficiency of the information in its charge as to the location of the place kept by the defendant was not challenged until the case reached the district court. Upon such challenge being interposed, plaintiff

**4. Information: amendment.** filed an amendment to the information, making the charge in this respect specific. That an information may be amended is too well settled to require the citation of authorities, and the amendment may be made after appeal to the district court. *State v. Merchant,* 38 Iowa, 375; *State v. Doe,* 50 Iowa, 541; *State v. Reilly,* 108 Iowa, 736.

IV. Next it is argued that the amendment to the information was not verified. This point does not seem to have been made in the district court. Moreover, the amend-

**5. Verification of informa- tion.** ment appears to have been sworn to before the mayor. But it is said that the mayor was outside of his jurisdiction when he administered the oath. The presumption is otherwise, and this presumption is not rebutted by anything in the record.

V. In a reply argument defendant contends that he was entitled to a jury trial in the district court, and that this right could not be waived. This point, even if properly raised, is settled adversely to defendant in

**6. Jury trial: waiver.** *State v. Ill.,* 74 Iowa, 441. Conceding, *arguendo,* that the proceedings are criminal in character, yet as they are to be tried in the same manner, both originally and on appeal, as proceedings before a justice

(Code, section 692), defendant could waive a jury on his appeal.

VI.   Lastly, it is argued that there is no evidence to support a conviction.   In answer to this it is sufficient to say that we find ample evidence to sustain the charge.

There is no error, and the judgment is *affirmed.*