INCORPORATED TOWN OF AVOCA, IOWA, Appellant, v. ELMER HELLER and JOHN HELLER.

**Cities and towns:** ORDINANCES: ASSAULT AND BATTERY. A town has authority to enact an ordinance prohibiting and punishing assault and battery, where its provisions are not inconsistent with the statutes of the State on the subject.

*Appeal from Pottawattamie District Court.*— HON. W. R. GREEN, Judge.

SATURDAY, DECEMBER 16, 1905.

THE defendants were charged with the violation of an ordinance of the town of Avoca. A demurrer to the information was sustained and the defendants were discharged. The town appeals.—*Reversed.*

*Roscoe Barton,* for appellant

No appearance for appellee.

SHERWIN, C. J.—The information charged that the defendants had committed the crime of assault and battery, in violation of section 9 of an ordinance of the town defining public offenses and fixing a penalty therefor. The mayor overruled a demurrer to the information and found the defendants guilty as charged; whereupon an appeal was taken to the district court, where the following demurrer was interposed and sustained:

" That said Town of Avoca has no power under the laws of this State to pass and enforce the ordinance upon which said information is founded, and no right or authority to punish the defendants under said ordinance or fine defendants or restrain them of their liberty for the violation of said pretended ordinance."   The ordinance on which the prosecution was based provides as follows: · " Any person who shall unlawfully beat, strike or fight another in the town of Avoca, Iowa, shall be deemed guilty of an offense against the town and upon conviction thereof shall be punished by a fine not exceeding $100.00 or imprisonment in jail not exceeding 30 days."   Section 680 of the Code expressly provides that municipal corporations shall have power to enact " ordinances not inconsistent with the laws of the State, for carrying into effect or discharging the powers and duties conferred by this chapter, and such as shall be necessary and proper to provide for the safety, preserve the health,  .  .  . improve the morals, order and comfort  .  .  .  of such corporation and the inhabitants thereof."

If there were no State law punishing the crime of assault and battery, it is clear that the town would have authority under section 680 to enact and enforce the ordinance in question, for its purpose is to improve the morals and order of the municipality and its inhabitants, as well as to provide for their safety.   To allow affrays and assaults and the disorderly conduct necessarily connected therewith would be in the highest degree deterimental to the peace, order, and morality of the municipality.   The question is whether the ordinance is inconsistent with the provisions of the Code punishing the crimes of assault and battery and affrays.   Sections 4774 and 5029.

The general policy of the law is to give municipalities full power and adequate means to protect themselves against unlawful disturbances of the peace and good order within their·corporate limits; and for the purpose of carrying out this policy they are authorized to have police magistrates,

and a police force sufficient to preserve the peace and good order of the city. Hence the purpose of the ordinance in question is not inconsistent with the general law. In *Iowa City v. McInnerny,* 114 Iowa, 586, we held the ordinance in conflict with the statute because a different penalty was provided, but the ordinance under consideration here provides the same penalty as the statute does, and hence it is not inconsistent with it. In *Bloomfield v. Trimble,* 54 Iowa, 399, an ordinance provided for the punishment of persons found in a state of intoxication, and the statute also provided punishment for the same offense, and it was held that the ordinance was not inconsistent with the general law and did not exceed the powers of the municipality.

The case is controlling here, and the demurrer to the information should have been overruled.

*Reversed.*