CITY OF OTTUMWA, Appellee, v. I. M. STICKEL, Appellant.

**INDICTMENT AND INFORMATION:** Amendment—Amendment
1 **After Appeal.** A trial information may be amended after appeal by the defendant to the district court.

**CRIMINAL LAW:** Continuance—Amendment of Information. The
2 filing by the State of an amendment to a trial information after the cause has reached the district court on appeal does not *ipso facto* give the defendant a right to a continuance, on the plea that new issues were raised.

**DISORDERLY HOUSE:** Information—Sufficiency. An information charging the keeping of a disorderly house need not give the street and number of the house in which the accused is alleged to have committed the offense.

**DISORDERLY HOUSE:** Evidence—Sufficiency. On the trial of an information charging the keeping of a disorderly house, the State must show that the accused had knowledge of the unlawful purposes for which people resorted to his house, and that the accused consented that his house be used for such purposes. Evidence held insufficient to establish such elements.

*Appeal from Wapello District Court.*—SENECA CORNELL, Judge.

FEBRUARY 6, 1923.

REHEARING DENIED MAY 12, 1923.

APPEAL from a judgment of conviction on an information charging the defendant with operating and maintaining a disorderly house as defined by an ordinance of the city of Ottumwa, Iowa.—*Reversed.*

*W. W. Epps,* for appellant.

*W. A. Hunt,* City Solicitor, for appellee.

DE GRAFF, J.—The defendant was accused on information in the police court of Ottumwa, Iowa of the crime of operating a disorderly house in that on a certain date in the city of Ottumwa, Wapello County, Iowa he "did unlawfully and willfully keep a disorderly house, where men and women met and occupied the same rooms for immoral purposes."

1. INDICTMENT AND INFORMATION: amendment: amendment after appeal.

On the same date (February 13, 1922) a second information was filed intended to be a substitution for the original. The new accusation reads "that the defendant did unlawfully and willfully maintain, own, conduct, keep, and operate a disorderly house." From the judgment on conviction defendant appealed to the district court of Wapello County, Iowa.

On April 19, 1922, and prior to the taking of testimony, an amended information was filed in the district court. This

was done to make the information more specific, and to conform to the language of the ordinance defining the crime charged. Objection was made to the amended information for the reason that it was not the information upon which the defendant had been tried and convicted in the police court, and it was contended that, upon appeal to the district court the information was not subject to amendment. The trial court overruled the motion to strike and properly so.

It is not open to question that an information may be amended after appeal to the district court. *Town of Lovilia ·v. Cobb*, 126 Iowa 557.

The defendant then filed a motion for continuance on the ground that new conditions were introduced by the amendment to the information. There is no merit in this claim, and the court 2. CRIMINAL LAW: continuance: amendment of information. correctly ruled. The filing of an amendment will not alone authorize a continuance. The trial on appeal in the district court was a new trial, and the parties were placed in the same position as if no trial had been had. *State v. Dow*, 74 Iowa 141.

Further objection was made to the information as amended in that it failed to give the street and number of the house or building in which the defendant maintained, owned, and conducted the disorderly house. This motion was 3. DISORDERLY HOUSE: information: sufficiency. properly overruled. The crime charged is against the person, and not the house, and the indictment or information is sufficient if it charges the offense as committed within the county. *State v. Shaw*, 35 Iowa 575; *State v. Des Moines Union R. Co.* 137 Iowa 570.

But one serious question is presented on this appeal. Does the evidence establish the guilt of the defendant beyond a reasonable doubt? Did the court err in refusing defendant's motion for a directed verdict, and in overruling his 4. DISORDERLY HOUSE: evidence: sufficiency. motion for a new trial?

Whether or not a place is a disorderly house is ordinarily a question of fact for the jury upon all the evidence presented, but there must be that quantum of evidence presented which sustains the allegations of the information beyond a reasonable doubt. A disorderly house is generally defined to be a house or building in which people abide or to

which they resort to the disturbance of the neighborhood or for purposes which are injurious to the public morals, health, convenience or safety. Such a house constituted a public nuisance at common law, and the ordinance in question is sufficiently broad to incorporate the essential elements of this definition. See, also, *State v. Pierce*, 65 Iowa 85; *State v. Hunter*, 173 Iowa 638, 641.

The defendant in the instant case was the owner and proprietor of a house or building that was recognized under the law of Iowa as an hotel. He was duly licensed as a keeper thereof, and it was and had been subject to inspection by the proper authorities. Having been charged with the crime of maintaining a disorderly house, it was necessary for the State under the information filed to establish that he had knowledge of the unlawful purposes of those who resorted to it and that he consented to its use for such purposes. These elements are essential to be proved to authorize his conviction. *State v. Schaffer*, 74 Iowa 704; *State v. Lee*, 80 Iowa 75.

On the night that the house was raided by the police it appears that two men, strangers to the defendant, represented themselves as nonresidents and married, and that they were unable to find accommodations for themselves and wives at any other hotel in the city, and applied for rooms. This happened a little before midnight. They were told by the defendant that all of the rooms in the hotel were occupied and regrets were expressed. They left, but a little later returned and upon further conversation the defendant stated that under the circumstances, and the hour being quite late, he would surrender his parlor room and secure an extra cot for their accommodation. By closing the folding doors two rooms were made available. This was done. There was nothing unusual in the matter or manner of securing the room. The men registered in the usual way, and there was no subsequent noise or disturbance until the police officers pounded upon the doors. It is shown that an empty bottle, which had the odor of whisky, was found under the bed subsequently and that one of the women was slightly under the influence of liquor at the time of the arrest. The defendant testified, and he was corroborated by disinterested witnesses, that he endeavored to keep his hotel quiet, peaceable,

orderly and pleasant; that it had been necessary for him sometimes to reject applicants for accommodations and to eject some people that had secured accommodations. When he was absent from the city he always put the place in charge of a respectable person under strict orders to permit no unsuitable, disorderly, or disreputable person to room in his hotel.

There is no competent evidence that this defendant at any time permitted any disorderly conduct upon his premises or that he knowingly permitted any person to resort to his hotel for any purpose within the definition of the ordinance. No one testifies that there ever was disorderly conduct upon the premises known or permitted by the defendant, or that any act occurring in the hotel ever disturbed anyone in the neighborhood or in the hotel itself. Surely the proprietor of a hotel or rooming house is not subject to the penalty of the criminal law, forsooth lewd or disreputable persons, male or female or both, should by strategy or false pretense successfully evade the oral examination of the proprietor in securing accommodations in his hotel. That the parties so accommodated should be found guilty of disorderly conduct while therein, and subject themselves to the penalty of the law, does not necessarily bring the proprietor of the house within the criminal category. Such a proprietor should be eternally vigilant but he is not an insurer in this particular. This court is slow to disturb the finding of a jury in any case, but when we are satisfied that the evidence is insufficient to sustain the charge, it is our duty to set aside the verdict. We have reached the conclusion in the instant case that the record is not sufficient to convict the defendant as the keeper of a disorderly house within the purview of the law defining the crime charged. Wherefore the judgment entered is— *Reversed.*

PRESTON, C. J., WEAVER and STEVENS, JJ., concur.