CITY OF FORT MADISON, appellee, v. FRANK J. BERGTHOLD, appellant.

No. 49411.

(Reported in 93 N.W.2d 112)

November 18, 1958.

McManus & McManus, by E. J. McManus, of Keokuk, for appellant.

Napier & Fehseke, by R. L. Fehseke, of Fort Madison, for appellee.

WENNERSTRUM, J.—The defendant was found guilty in the mayor's court of Fort Madison, Iowa, of violating a portion of an ordinance of that city, which provides, in part: " 'No person, club, firm, or corporation shall: A. Place or maintain any building, structure, or obstruction upon the water front without first having obtained official consent therefor.' " He was sentenced as provided in the ordinance. He thereafter appealed to the district court, which appeal was heard by Honorable G. L. Norman, Judge, without a jury. The record does not make mention of the fact but apparently the defendant waived trial by jury. Section 367.8, 1954 Code; Town of Lovilia v. Cobb, 126 Iowa 557, 560, 102 N.W. 496; State v. Berg, 237 Iowa 356, 360, 21 N.W.2d 777. After the presentation of evidence by the prosecution and the defendant and the submission of a motion for a

directed verdict, which was overruled, the trial court entered a judgment finding the defendant guilty. It imposed a fine on him, along with judgment for costs. The defendant has appealed.

Under the provisions of the ordinance as therein designated a person desiring to maintain a building upon the water front is required to first obtain official consent for its erection or maintenance. It is also provided this consent may be evidenced by a written permit or lease. The ordinance also provides a charge or fee of one dollar per lineal foot shall be made annually for the use of the water front or the keeping or maintenance of any "float, houseboat, structure or building." It is further provided, "the amounts collected by the Dock Board as such fees and charges shall be used only for the purpose of defraying the necessary annual expense of the Board in constructing and operating the improvements and works authorized by chapter 384, as amended, of the 1950 Code of Iowa."

The evidence presented in the district court disclosed the defendant and his predecessor owners had a building of wooden frame construction used as a boathouse and set on piling with one end on land and the other in the water. This building was in the area known as the Small Boat Harbor. It is located on the water front of the Mississippi River, to the east of Riverside Park, and is adjacent to the City of Fort Madison. The defendant's attention had been called to the ordinance and the necessity for leasing. This leasing program commenced in 1955.

The defendant refused to enter into a lease with the Dock Board, and the action here involved resulted. It is the claim of the defendant: (1) The ordinance in question is unconstitutional and void in that it prescribes no uniform standard of conduct and vests arbitrary discretion in administrative officials contrary to section 1 of the Fourteenth Amendment to the United States Constitution and sections 6 and 19 of Article I of the Constitution of Iowa; (2) said ordinance is void in that the City of Fort Madison has neither express nor implied power to enact such an ordinance and has no authority to lease the premises described in the ordinance to private individuals for private purposes; (3) the ordinance is void and invalid in that it is unreasonable, indefinite and uncertain in its terms and oppres-

sive on the defendant; (4) the ordinance is void and invalid in that it is an unlawful delegation of the police power to an administrative body; (5) said ordinance is void and invalid in that it does not have a substantial and reasonable relation to a proper object of the police power; and (6) said ordinance is void and invalid in that it purports to make a misdemeanor or crime by reason of the failure to pay rent or to execute a lease, all of which is an unreasonable and invalid exercise of the police power.

I. Chapter 384, 1954 Code, deals with public docks in cities and towns "* * * situated on any natural or artificial navigable waterway within or bordering upon the state of Iowa * * *." Section 384.1, 1954 Code. Section 384.3(3), in part, provides: "The [dock] board shall have exclusive charge and control of the wharf property belonging to the municipality including * * * all the wharves, piers, quay walls, bulkheads, and structures thereon and waters adjacent thereto, and all the slips, basins, docks, *water fronts, the structures thereon* * * * and rights belonging thereto, which are now owned or possessed by the municipality, or to which the municipality is or may become entitled, or which the municipality may acquire under the provisions hereof or otherwise. The board shall have the exclusive charge and control of the building, rebuilding, alteration, repairing, operation, *and leasing of said property* and every part thereof * * *.

"*Leases of such property may be made* for such purposes, including industrial and manufacturing purposes, *upon such terms and conditions,* and for such period of time *as, in the exclusive judgment of the dock board, shall be for the best interests of the city or town in the furtherance of the general plan adopted by said board.*

"4. *Abutting property—jurisdiction and improvement. The board is hereby vested with jurisdiction and authority over that part of the streets and alleys and public grounds of the municipality which abut upon or intersect its navigable waters,* lying between the harbor line and the first intersecting street measuring backward from high-water mark, to the extent only that may be necessary or requisite in carrying out the powers vested in it by this chapter; * * *.

"5. *Control consistent with navigation laws—collect tolls.*
The board is also vested with exclusive government and control
of the harbor *and water front* consistent with the laws of the
United States governing navigation, and of all wharf property
* * * structures * * * waters adjacent thereto, and submerged
lands and appurtenances belonging to the municipality, and
may make reasonable rules and regulations governing the traffic
thereon and the use thereof, with the right to collect reasonable
dockage, wharfage, sheddage, storage * * * as hereinafter pro-
vided.

"Obedience to such rules and regulations may be enforced
in the name of the city or town, by a fine not exceeding one hun-
dred dollars, or by imprisonment not exceeding thirty days, pro-
vided the council of such city or town shall first adopt the same,
in ordinance form, as ordinances of the municipality." (Em-
phasis supplied.)

By an Act of Congress, approved July 2, 1836, provision
was made for the laying off of the towns of Fort Madison and
Burlington, in the then county of Des Moines, and other towns
in another then existing county. In said Act it was provided:
"* * * And provided further, That a quantity of land of proper
width, *on the river banks,* at the towns of *Fort Madison,* Belle-
view, Burlington, Dubuque and Peru, and running with the said
rivers the whole length of said towns, shall be reserved from
sale, (as shall also the public squares) for public use, and re-
main for ever for public use, as public highways, and for other
public uses." (Emphasis supplied.) See pages 535, 536, 1851
Code of Iowa.

In the case of City of Keokuk v. The Keokuk Northern Line
Packet Co. (1876), 45 Iowa 196, 207, 209, this court considered
the respective rights of the cities of Keokuk, Fort Madison and
Burlington to enact and enforce ordinances pertaining to the
collection of charges for wharfage. It was therein stated:

"The ordinances would be valid if the wharfage fees did not
exceed just compensation for the use of the wharves. This can-
not be doubted. The fees should be fixed and certain, and so
graduated as to be equal upon all boats. The amount in each
case should not be left to the caprice or judgment of the officer
of the city collecting the fees. The power of the cities to fix, by

ordinance, charges for wharfage, within the limits of just compensation, is recognized in Cannon v. New Orleans, 20 Wall., 557 (582). * * * Such wharfage fees are not to be regarded as a tax. They are levied as a compensation for the use of the wharves. In the exercise of their police powers the cities of the State may control the landings of boats, designating the place they shall receive or discharge freight and passengers. It is within their power to require this to be done at these wharves and to charge reasonable compensation therefor. The City of Dubuque v. Stout, 32 Iowa 80. This doctrine is founded upon the clearest reason, well understood by all persons familiar with the transaction of business upon the Mississippi River."

It is our conclusion the City of Fort Madison had statutory authority to enact the ordinance it did relative to the right of the Dock Board to lease or license the use of space on the river front of the city in the exercise of its police power. It was given this authority under the 1836 Act of Congress wherein it is stated: "* * * land * * * on the river banks, at the towns of Fort Madison * * * running with the said rivers the whole length of said towns, shall be reserved * * * for public use * * *." The case of Keokuk v. The Keokuk Northern Line Packet Co., supra, holds the "cities * * * may control the landings of boats * * *." If municipalities have authority over the landing of boats it must naturally follow they would have similar rights over boathouses and similar structures on a water front. The former authority exercised by cities is further confirmed and enlarged by the statute set out in chapter 384, 1950 Code.

II. The defendant contends the ordinance in question constitutes an unconstitutional delegation of legislative power to the Dock Board—an administrative body. We are living in an era in which there has been turned to administrative units the handling of many official duties which formerly were assumed by other officials. These administrative bodies do not make the law, they merely administer it under the authority as given by a lawmaking body.

In McLeland v. Marshall County, 199 Iowa 1232, 1240, 201 N.W. 401, 404, 203 N.W. 1, this court quoted from 1 Sutherland on Statutory Construction, section 88, as follows: " 'The true

distinction is between the delegation of power to make the law, which involves a discretion as to what the law shall be, and conferring an authority or discretion as to its execution, to be exercised under and in pursuance of the law. The first cannot be done; to the latter, no valid objection can be made.' "

We cannot find in the present statute here involved an evidence of a delegation to make the law. It gave a Dock Board through a municipal ordinance the right to lease river front property. This is what the board sought to do as far as the defendant is concerned. There is no claim the contemplated lease arrangement was or is arbitrarily administered or the lease or rental charge was too high and not equally applied upon all parties.

We held in Mettler v. City of Ottumwa, 197 Iowa 187, 190, 196 N.W. 1000, the use of a public street is a special privilege and any previously granted permit might be revoked at any time in the absence of an arbitrary action. It was held that the action of the city council in ordering the closing of a street areaway was not unconstitutional.

■■ This court has held a city council has the right to withhold a permit in the exercise of its police power. City of Des Moines v. Manhattan Oil Co., 193 Iowa 1096, 184 N.W. 823, 188 N.W. 921, 23 A. L. R. 1322; Marquis v. City of Waterloo, 210 Iowa 439, 228 N.W. 870. And in the two cases last-cited it was held the burden was on the complainant to show the city's action was arbitrary and discriminatory in order to attack the ordinance as unconstitutional. This would likewise be true as regards the acts of the Dock Board. It should be kept in mind the defendant makes no claim to any property rights in any river front property. We hold his constitutional privileges have not in any way been offended.

■ III. The defendant asserts as a ground for reversal the contention the ordinance violates section 19 of Article I of the Iowa Constitution which forbids imprisonment for debt.

In Pierce v. Doolittle, 130 Iowa 333, 336, 106 N.W. 751, 6 L. R. A., N. S., 143, this court held the legislature may provide for the punishment of acts in resistance to, or violation of, the authority conferred upon a subordinate tribunal or board. In the instant case the legislature gave to municipalities the right

to establish a Dock Board and granted to such board "exclusive * * * control of the * * * water front * * *." It also gave to the Dock Board the authority to make "reasonable rules and regulations governing the traffic thereon and the use thereof, with the right to collect reasonable dockage * * * storage." It was also provided "such rules and regulations may be enforced in the name of the city or town, by a fine * * * or by imprisonment * * *, provided the council of such city or town shall first adopt the same, in ordinance form, as ordinances of the municipality." The council of the City of Fort Madison adopted such an ordinance. See also, as in part applicable, Loftus v. Department of Agriculture, 211 Iowa 566, 583, 232 N.W. 412; Gilchrist v. Bierring, 234 Iowa 899, 907, 14 N.W.2d 724; 14 Iowa Law Review 117; 33 Iowa Law Review 352; 36 Iowa Law Review 93, 95.

In a somewhat similar situation to the present one this court in the early case of The City of Dubuque v. Stout, 32 Iowa 80, 85, commented on the right of a city to control the establishment of wharves and to fix the rates for their use. It was there stated: "The language of the charter is broad, clear and unmistakable. It gives to the city the exclusive authority to establish and regulate wharves and docks within the city, to regulate wharfage and to regulate the stationary anchorage and mooring of all boats and rafts landing within the city limits, and, as a necessary part of this power, it may prohibit the establishment of other wharves or landings; prohibit the landing of boats or rafts at any other places than those prescribed in the regulations made by the city council. These are necessary police powers, which are conferred on the city for the good government of the people and the proper conduct of its commercial intercourse upon the great river upon which it is situated. * * * Police regulations of this character are uniformly held legal and binding, because they are for the general benefit, and do not proceed to the length of impairing any private right in the proper sense of that term."

The leasing fee imposed on the defendant is not excessive, it is uniformly applied to all persons affected on a lineal foot basis. It is in the nature of a tax or license fee for the proper regulation and supervision of the river front. As such it is not

a debt and the imposition of a criminal penalty for the non-payment of such fee or tax is not prohibited by the Iowa Constitution. For supporting authority see 40 A. L. R. 77. There is a distinction between a license fee or tax and an inspection fee. In connection with a criminal penalty sought to be enforced by reason of the failure to pay an inspection fee this court held in Hubbell v. Higgins, 148 Iowa 36, 126 N.W. 914, Ann. Cas. 1912B 822, it could not be enforced and was unconstitutional. We find a distinction between that case and the present one.

We have given consideration to the several grounds for reversal as presented by the defendant. We have not commented on each one particularly but our conclusions previously expressed are applicable to the complaints made. We find no basis for reversal and consequently the cause is affirmed.—Affirmed.

All JUSTICES concur.