CITY OF DES MOINES, appellee, v. VELMA REITER, appellant.

No. 49817.

(Reported in 102 N.W.2d 363)

APRIL 5, 1960.

REHEARING DENIED AUGUST 2, 1960.

1208

Theodore F. Mantz, of Des Moines, for appellant.

Robert J. Spayde, Corporation Counsel, and Terrence A. Hopkins, City Prosecutor, for the City of Des Moines, appellee.

GARFIELD, J.—An information was filed accusing defendant of the crime of interfering with an officer, in violation of section 32-36, Municipal Code of the City of Des Moines. She pleaded not guilty, was tried in municipal court, found guilty and fined $25. Upon her appeal to the district court a jury also found her guilty, she was fined $50 and costs and, in event of nonpayment, was to be confined in jail not to exceed ten days. She has appealed to us.

Before evidence was taken in district court the City was permitted to amend the information by striking the word "officer" and inserting in its place "employee." A like amendment was previously allowed in municipal court. In describing the alleged act constituting the offense the information stated that defendant did unlawfully and wilfully interfere with the duties of an employee of the City of Des Moines, namely Beverly Borlin. She was referred to in the evidence as a meter maid. Her duties were to patrol the downtown areas to look for parking and other motor-vehicle violations.

I. Defendant first assigns as error the holding that the city ordinance under which she was prosecuted was not void and inconsistent with state laws. Section 32-36 of the Municipal Code provides, "No person shall resist or obstruct the Chief of Police, any policeman, * * * or other officer or employee of the city in the performance of any official duty." Section 1-10 of the same Code provides a penalty for violation of 32-36 and other sections, where no specific penalty was fixed, of a fine not exceeding $100 or imprisonment not to exceed 30 days.

The district court, on appeal to it, was required to take judicial notice of the city ordinances. Section 367.8, Code, 1958; Incorporated Town of Scranton v. Danenbaum, 109 Iowa 95, 80 N.W. 221; City of Racine v. Smith, 272 Wis. 374, 75 N.W.2d 454; Annotation 111 A. L. R. 959, 963.

Section 742.1, Code, 1958, entitled "Resisting execution of process", provides that if any person knowingly and wilfully

resist or oppose any officer of this state, or any person authorized by law, in serving or attempting to execute any legal writ or process, or so resist any such officer in the discharge of his duties without such writ or process, he shall be imprisoned not exceeding one year or fined not exceeding $1000 nor less than $50 or be both fined and imprisoned.

We think the pertinent parts of the Municipal Code are not void as in conflict with section 742.1 or other state law that has come to our attention. The City has provided that no one shall resist or obstruct any city employee in the performance of any official duty. This prohibition is additional to any contained in section 742.1 which refers only to officers of the state or other persons authorized by law to serve or execute a legal writ or process. State v. Putnam, 35 Iowa 561. Nothing in the state law forbids such an enactment by a city as we have here. There is no reason why both the city ordinance and the state law cannot coexist and be effective. The rule we think is applicable appears to be well settled.

Gannett v. Cook, 245 Iowa 750, 755, 756, 61 N.W.2d 703, 706, 707, approves this from 62 C. J. S., Municipal Corporations, section 143b(3), page 293: "* * * a municipal regulation which is merely additional to that of the state law does not create a conflict therewith. Where the legislature has assumed to regulate a given course of conduct by prohibitory enactments, a municipal corporation may make such additional reasonable regulations in aid and furtherance of the purpose of the general law as may seem appropriate to the necessities of the particular locality. The fact that an ordinance enlarges on the provisions of a statute by requiring more than the statute requires creates no conflict therewith unless the statute limits the requirements for all cases to its own prescriptions." See also Town of Neola v. Reichart, 131 Iowa 492, 109 N.W. 5; Pugh v. City of Des Moines, 176 Iowa 593, 606–609, 156 N.W. 892, L. R. A. 1917F 345; City of Des Moines v. Rosenberg, 243 Iowa 262, 269–271, 51 N.W.2d 450, 453, 454; Taggart v. Latah County, 78 Idaho 99, 298 P.2d 979; Terry v. City of Portland, 204 Ore. 478, 269 P.2d 544, 550–558; King v. Arlington County, 195 Va. 1084,

81 S.E.2d 587, 590–592; 37 Am. Jur., Municipal Corporations, section 165.

II. We are not persuaded enactment of section 32-36 of the Municipal Code was in excess of the powers granted the City by the legislature. It is true municipalities have only those powers expressly given them, those which arise from fair implication, and those necessary to carry out powers expressly or impliedly conferred. And grants of power to municipalities are strictly construed against the authority claimed. Dotson v. City of Ames, 251 Iowa 467, 470, 101 N.W.2d 711, 713, and citations.

It seems necessary to consider only section 368.2, Code, 1958, which confers upon cities and towns "the general powers and privileges granted, and such others as are incident to municipal corporations of like character, not inconsistent with the statutes of the state, for the protection of their property and inhabitants, and the preservation of peace and good order therein, * * *."

We have tried to explain that the ordinance is not inconsistent with state statutes. We think it may fairly be said to be for the protection of inhabitants of the City and preservation of peace and good order therein to forbid resisting or obstructing a policeman or other officer or employee of the City in the performance of any official duty. By "peace" is meant the tranquillity enjoyed by citizens of a community where good order prevails. It means quiet, orderly behavior of individuals toward others and the government. Our holding is supported by Town of Bloomfield v. Trimble, 54 Iowa 399, 6 N.W. 586, 37 Am. Rep. 212; Town of Lovilia v. Cobb, 126 Iowa 557, 558, 102 N.W. 496; Town of Avoca v. Heller, 129 Iowa 227, 105 N.W. 444; Town of Neola v. Reichart, supra, 131 Iowa 492, 109 N.W. 5.

The Heller case, supra, at page 228 of 129 Iowa, states: "The general policy of the law is to give municipalities full power and adequate means to protect themselves against unlawful disturbances of the peace and good order within their corporate limits; * * *."

III. There is no merit to defendant's assignment of error based on the district court's allowance of the amendment to the information. Town of Lovilia v. Cobb, supra, 126 Iowa

557, 560, 102 N.W. 496, and citations; City of Ottumwa v. Stickel, 195 Iowa 988, 990, 191 N.W. 797; State v. Hartung, 239 Iowa 414, 422, 30 N.W.2d 491, 496; 42 C. J. S., Indictments and Informations, section 233. See also 27 Am. Jur., Indictments and Informations, section 121.

IV. Defendant asserts the court erred in permitting a conviction on the theory she resisted a City employee as charged in the amended information. We understand the principal argument under this assignment is that the City was without power to employ so-called meter maids and Mrs. Borlin was merely a private citizen. We cannot accept the argument.

■ There is little doubt the City's police officers may properly observe violations of parking meter restrictions and summon violators to appear in court to answer charges based thereon. Unless such power exists the restrictions would seem to be wholly ineffective and unenforceable. We perceive no good reason why municipalities may not relieve regular members of the police department from such duties and employ so-called meter maids therefor. This involves merely the manner or means of the City's exercise of power rather than existence of the power.

Cities have the care, supervision and control of all public streets within the City and shall cause them to be kept open and free from nuisances. Section 389.12, Code, 1958. Unless they may reasonably limit parking of motor vehicles in streets they cannot discharge this duty. If one person may park his car in the street as long as he chooses, others may do likewise until use of the street as a means of travel is wholly obstructed or seriously curtailed. Pugh v. City of Des Moines, supra, 176 Iowa 593, 609, 156 N.W. 892, L. R. A. 1917F 345.

■ Code sections 321.236 and 321.1, subsection 46, specifically recognize the right of cities with respect to streets, within the reasonable exercise of the police power, to regulate standing or parking of vehicles. Municipalities are given express power to install and operate parking meters. Code section 390.7. This clearly implies the power to enforce parking meter restrictions by imposing reasonable penalties upon violators. Reference to other statutes is deemed unnecessary.

1212

As previously stated, grants of power to municipalities are strictly construed. This rule applies in determining whether power has been conferred. But it does not apply to the mode adopted by the municipality to carry into effect powers that are granted, where such mode is not prescribed by the legislature but is left to the discretion of the municipal authorities. Unless restrained by statute a municipality may in its discretion determine for itself the method of exercising powers conferred upon it. Keokuk Waterworks Co. v. Keokuk, 224 Iowa 718, 730–732, 277 N.W. 291, and citations. See also Poor v. Incorporated Town of Duncombe, 231 Iowa 907, 926, 2 N.W.2d 294, 304.

We think power was conferred upon the City to impose and enforce parking meter restrictions and its employment of so-called meter maids in carrying into effect such power was a proper exercise of discretion by the City.

V. Defendant's final contention is that the evidence is insufficient to warrant a conviction. In this connection it is our duty to view the evidence in the light most favorable to the City. The verdict is binding upon us unless we are satisfied it is without substantial support in the evidence or is clearly against the weight thereof. State v. Post, 251 Iowa 345, 347, 99 N.W.2d 314, 316, and citations. When these rules are observed, we feel we are not justified in interfering with the verdict.

There is clearly sufficient evidence Mrs. Borlin was an employee of the City and was performing an official duty when it is claimed defendant resisted or obstructed her in such performance. Mrs. Borlin had written out a "ticket" for overtime parking, another for not having a front license plate, and a third for not having the registration certificate displayed on the car defendant had parked at the meter. The car did not belong to her but to a dealer and she had taken it for the purpose of testing it. Mrs. Borlin testifies that when defendant came for the car she told the witness she would not need to give her the ticket for overtime parking but the witness replied she would have to give them to her.

This testimony follows: "She said she wouldn't accept the tickets because she didn't have them coming. I tore the tickets

out and tried to put them on the windshield and she got between me and the car so I couldn't get to it, so I tried to go around her and then she grabbed me by the sleeve and shook me. I didn't get the tickets on the windshield. I said 'You will get them sooner or later. They will be sent through the mail or some way.' And she said 'Well, I don't know how, you don't have my name and this car isn't mine.' And so I said, 'Well, I have your license number.' And she tried to grab my book from me. She didn't get it away. She touched it. She said 'I don't believe I can be found anyway because this isn't my car and you don't have my name' and she got in her car and drove away."

Another witness for the City furnishes some corroboration for Mrs. Borlin's testimony. It is true defendant denies much of it and there is quite a little corroboration for her.

These authorities support the view that the facts testified to by Mrs. Borlin support the charge: Bathke v. Myklebust, 69 S.D. 534, 12 N.W.2d 550; Reed v. State, 103 Ark. 391, 147 S.W. 76, Ann. Cas. 1914B 811, and Note page 813; Annotation 48 A. L. R. 746; 39 Am. Jur., Obstructing Justice, section 10; 67 C. J. S., Obstructing Justice, section 5b, pages 51, 52 ("Various acts have been held to constitute the offense, such as * * * refusal of person when arrested for speeding to give his name and attempting to push from his automobile the arresting officer, * * *.").

It is clear we cannot say we are satisfied the verdict is without substantial support in the evidence. Although the question whether it is clearly against the weight of the evidence may perhaps be somewhat closer, we feel such a conclusion would not be warranted.—Affirmed.

LARSON, C. J., and HAYS, THOMPSON, PETERSON, GARRETT, and THORNTON, JJ., concur.