D. N. PAPE, appellee, v. RALPH W. WESTERDALE, appellant.

## No. 50761.

(Reported in 121 N.W.2d 159)

APRIL 9, 1963.

Hoersch, Werner & Harbeck, of Davenport, for appellant.

Richard L. Stevens, of Davenport, for appellee.

HAYS, J.—Plaintiff, a licensed real-estate broker as required by chapter 117, Code of 1958, sues to recover a commission from defendant for services performed in city of Davenport, Iowa. As a defense it is alleged failure of plaintiff to have a license, as required by the city of Davenport, bars his right to collect commission for services rendered as such a broker. The court, under rule 105, struck this defense and defendant appeals.

The city of Davenport, Iowa, operates under a special charter. City Ordinance 100, subsection 3, requires that a real-estate broker, before acting as such in the city, shall procure a license from the city. It authorizes the mayor to issue or refuse to issue such a license; it authorizes the revocation of licenses by the mayor, and provides a penalty for acting without such license. It is conceded plaintiff does not have the city license. As early as 1895, in a suit to collect a commission, this court in Richardson v. Brix, 94 Iowa 626, 628, 63 N.W. 325, held Ordinance 100 of the city of Davenport, Iowa, was authorized by the charter, and denied plaintiff's right to sue for his commission. The court said:

"It is a general and well established rule of law that, where a statute or a valid city ordinance absolutely prohibits the carrying on of such a business as the plaintiff was engaged in without first procuring a license to do so, he cannot recover for services rendered in that occupation. The ordinance under

consideration, in express terms, prohibits the exercise of the calling without a license."

Defendant contends that above cited case constitutes a determination of the issue here. We agree that the legal proposition announced therein is sound law but, due to a different factual situation here, we cannot agree with defendant's contention.

In 1929 the legislature enacted what is now chapter 117, Code of 1958. By so doing, it took over the regulation of the business of real-estate brokers and announced a comprehensive plan, including the procuring of a state license.

██ Municipal corporations are creatures of the legislature and its control over them is almost unlimited. This is true irrespective of the type or form of the corporation. Scott v. City of Davenport, 34 Iowa 208; City of Clinton v. Cedar Rapids and Missouri River R. Co., 24 Iowa 455; Iowa-Nebraska Light & Power Co. v. City of Villisca, 220 Iowa 238, 261 N.W. 423; Hansen v. Henderson, 244 Iowa 650, 56 N.W.2d 59. In Clark v. City of Des Moines, 222 Iowa 317, 267 N.W. 97, we said that municipal corporations can only exercise such power, and in such manner, as legislature may direct.

██ The legislature, by sections 366.1 and 420.31, Code of 1958, has specifically authorized cities to enact ordinances, not inconsistent with the laws of the state, for carrying out the powers and duties conferred upon them. In Towns v. Sioux City, 214 Iowa 76, 241 N.W. 658, we said the general test of whether statute conflicts with and impliedly repeals ordinance is whether ordinance prohibits act permitted by statute or vice versa. See also Incorporated Town of Avoca v. Heller, 129 Iowa 227, 105 N.W. 444; City of Burlington v. Kellar, 18 Iowa 59.

██ In the instant case, both ordinance and statute deal with a license to enable one to engage in the business of a real-estate broker. Chapter 117, Code, requires procurement of a license for carrying on such business anywhere in the state. The ordinance requires a license for acting within the city, and grants to the mayor the right to issue or refuse to issue a license to an applicant irrespective of existence of a state license. Applying

the test stated in Towns v. Sioux City, supra, it is clear that Ordinance 100, subsection 3, prohibits the conduct of a business, which has been authorized by statute, except upon conditions not found in statute, and thus, as to such parts of the ordinance, the same conflict and are inconsistent with the statute and hence null and void.

The ruling of the trial court was correct.—Affirmed.

All JUSTICES concur.